

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _1-3-11_

RECEIVED
DEC 30 2010
CHAMBERS OF
P. KEVIN CASTEL
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GO SMILE, INC., a Delaware Corporation,

                                Plaintiff,

                -against-

DR. JONATHAN B. LEVINE, D.M.D. P.C., a
New York corporation, and DR. JONATHAN B.
LEVINE, an individual,

                            Defendants.

ECF

Index No. 10 CV 8663 (PKC)

STIPULATION AND ORDER FOR THE
PRODUCTION AND EXCHANGE OF
CONFIDENTIAL INFORMATION

---

This matter having come before the Court by stipulation of plaintiff GO SMiLE, Inc. and

defendants Dr. Jonathan B. Levine, D.M.D. P.C. and Dr. Jonathan B. Levine, for the entry of a

protective order limiting the review, copying, dissemination, and filing of confidential and/or

proprietary documents and information to be produced by either party and their respective counsel or

by any non-party in the course of discovery in this matter to the extent set forth below (the

"Stipulation"); and the parties, by, between and among their respective counsel, having stipulated

and agreed to the terms set forth herein, and good cause having been shown;

IT IS hereby ORDERED that:

1.     This Stipulation is being entered into to facilitate the production, exchange and

discovery of documents and information that the parties agree merit confidential treatment

(hereinafter the "**Documents,**" "**Discovery Requests**" or "**Testimony**" and collectively

"**Information**").

2.     Any party or non-party may designate Information produced or given in this action as

1155421-1

"Confidential" or "Attorneys Eyes Only" either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the parties hereto and appropriate non-parties, or by other appropriate means.

      3.      As used herein:

      (a)      "Confidential Information" shall mean information designated as confidential, if such documents contain trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients. Confidential Information includes that information designated as "Attorneys Eyes Only Information," as defined herein. Confidential Information shall not include Information that (i) was or is public knowledge, not in violation of this Stipulation; (ii) is acquired by the non-designating party from a third-party having the right of disclosure of such Information; or (iii) was lawfully possessed by the non-designating party prior to entry by the Court of this Stipulation.

      (b)      "Attorneys Eyes Only Information" shall mean that Confidential Information which contains information which, in the good faith determination of the Producing party, is of such a nature that identifiable harm may result to the Producing party or any other individual or entity other than the Receiving party, whether a party or non-party to the action, if that Confidential Information is disclosed to all or any other parties to the action.

      (c)      "Producing party" shall mean the parties to this action and any non-parties producing "Confidential Information" in connection with depositions, document production or otherwise, or the party asserting the confidentiality privilege, as the case may be.

1155421-1

(d)     "Receiving party" shall mean the party to this action and/or any non-party receiving "Confidential Information" in connection with depositions, document production or otherwise.

4.      The Receiving party may, at any time, notify the Producing party that the Receiving party does not concur in the designation of certain Information as Confidential Information. If, after consultation, the parties continue to disagree in good faith regarding the legitimacy of the designation of the Information at issue, the Receiving party may apply to the Court for an order that removes the confidentiality designation assigned to the Information at issue. Notwithstanding the foregoing, the operative federal rules and governing case law shall determine which party bears the burden of proof with respect with the propriety of the confidentiality designation at issue.   If the Receiving party makes an application to de-designate Confidential Information, the Information at issue will retain the confidentiality designation assigned to it by the Producing party until the Court rules otherwise.

5.      Except with the prior written consent of the Producing party or by Order of the Court, Confidential Information—other than that Confidential Information which contains information designated as Attorneys Eyes Only Information—shall not be furnished, shown or disclosed to any person or entity except to:

a.      personnel of plaintiff or defendants actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

b.      counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control

3

of such counsel, and who have been advised by such counsel of their obligations hereunder;

        c.      expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein, provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 8 hereof;

        d.      the Court and court personnel;

        e.      court reporters, stenographers and videographers, and any necessary secretarial, clerical or other personnel of same;

        f.      trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 10, 11, and 12, respectively, hereof;

        g.      a court, administrative agency, or legislative body to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, except that the party from which the Confidential Information is sought shall (a) give written notice by facsimile and overnight mail to the counsel for the Producing party within five (5) business days of receipt of such order, subpoena, or direction; and (b) give the Producing party five (5) business days to object to the production of such Confidential Information if the Producing party so desires; notwithstanding the foregoing, nothing in the subparagraph shall be construed as requiring any party to this Stipulation to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body;

        h..      A designated technical employee or consultant for each party, provided that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 8

<div align="center">4</div>

hereof; and

i. any other person agreed to by the parties.

6. Except with the prior written consent of the Producing party or by Order of the Court, Attorneys Eyes Only Information shall not be furnished, shown, or disclosed to any person or entity, including officers or other employees of the Receiving party, except to:

a. counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

b. expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 8 hereof;

c. the Court and court personnel;

d. a court, administrative agency, or legislative body to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, except that the party from which the Confidential Information is sought shall (a) give written notice by facsimile and overnight mail to the counsel for the Producing party within five (5) business days of receipt of such order, subpoena, or direction; and (b) give the Producing party five (5) business days to object to the production of such Confidential Information if the Producing party so desires; notwithstanding the foregoing, nothing in the subparagraph shall be construed as requiring any party to this

Stipulation to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body;

      e.     court reporters, stenographers and videographers, and any necessary secretarial, clerical or other personnel of same ;

      f.     a designated technical employee or consultant for each party, provided that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 8 hereof; and

      g.     any other person agreed to by the parties.

7.     Confidential Information shall be utilized by the Receiving party and its counsel only for purposes of this litigation and shall not be used for any business, commercial, competitive, personal, or other purposes.

8.     Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 5(c)and (h) or 6(b)and (f) hereof, counsel for the Receiving party shall provide the expert's or consultant's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms.  Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party at the time of the disclosure of the information required to be disclosed by Federal Rule of Civil Procedure 26(a)(2), except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial or at any court hearing is not required to be supplied.

9.     All deposition transcripts shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of seven (7) days after a transcript of said deposition is received by counsel for each of the parties.  At or before the end of

6

1155421-1

such seven (7) day period, the deposition transcript or portions thereof shall be classified appropriately.

10.     Should the need arise for any of the parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon application of the disclosing party, shall deem necessary to preserve the confidentiality of such Confidential Information.

11.     This Stipulation shall not preclude counsel for the parties from using during any deposition in this action any documents or information which have been designated as "Confidential Information," including "Attorneys Eyes Only Information," under the terms hereof. Any witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute the certificate annexed hereto. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party. If counsel for the Receiving party intends to use a Producing party's Attorneys Eyes Only Information, only that counsel (and no other individual associated with the Receiving party), the court reporter, stenographer and videographer may remain in the room during the time the Attorneys Eyes Only Information is being used. If a witness refuses to agree to be bound by the Stipulation, an application may be made to the court, requesting that the Court direct the witness to be bound by the Stipulation.

12.     A party or non-party may designate as Confidential Information or Attorneys Eyes Only Information, and subject to this Stipulation, any Information produced or given by any non-party to this case, or any portion thereof. In the case of Documents or Discovery Responses, designation shall be made by notifying all counsel in writing of those documents which are to be

1155421-1

stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the party asserting the confidentiality privilege. In the case of Testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to seven (7) days after the transcript is received by counsel for the party asserting the confidentiality privilege. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such Information shall be treated as Confidential Information.

13.    (a) Absent exigent circumstances preapproved by the Court at a conference convened for such a purpose, a Receiving party who seeks to file with the Court any Information that has previously been designated as comprising or containing Confidential Information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information, shall provide all other parties with forty eight (48) hours' written notice of its intent to file such material with the Court, so that the Producing Party may file by Order to Show Cause a motion to seal such Confidential Information, and the Receiving Party shall not oppose any such motion. The Confidential Information shall not be filed until the Court renders a decision on the motion to seal. In the event the motion to seal is granted, all Information that has previously been designated by a party as comprising or containing Confidential Information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses such material, shall be filed in sealable envelopes or other appropriate sealable container on which shall be listed, on the lower left-hand corner of the envelope, the filing attorney's information, case caption, case number, date of protective order, name of judge who signed the order, and the contents of the envelope. The words "CONFIDENTIAL MATERIAL-SUBJECT TO STIPULATION AND ORDER FOR THE PRODUCTION AND

8

1155421-1

EXCHANGE OF CONFIDENTIAL INFORMATION" shall appear on the envelope, and a statement in substantially the following form: "This envelope, containing documents which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the parties and their counsel of record, except by order of the Court or consent of the parties. Violation hereof may be regarded as contempt of the Court." The filing party shall present a copy of the protective order or letter when making such filing under seal, and must comply in all other respects with the Sealed Records Filing Instructions of the United States District Court, Southern District of New York, as presented at the webpage http://www.nysd.uscourts.gov/cases_records.php?records=sealed_records.

      (b)    As an alternative to the procedure set forth in paragraph 13(a), and provided that a party in good faith believes that the documents at issue comply with the standard for sealing court documents set forth in *Lugosch III v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and related case law, that party may submit to the Court any documents previously designated as comprising or containing Confidential Information by submitting such documents to the Courtroom Deputy in sealed envelopes or other appropriate sealed container on which shall be endorsed the caption of this litigation, the words "CONFIDENTIAL MATERIAL-SUBJECT TO STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION" as an indication of the nature of the contents, and a statement in substantially the following form: "This envelope, containing documents in this case, is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the parties and their counsel of record, except by order of the Court or consent of the parties." Such documents shall be returned by the Courtroom Deputy upon disposition of the application or other proceeding for which they were

submitted. Contemporaneous with utilizing the mechanism set forth in this subparagraph, any party may apply for permission to file such Confidential Information under seal by providing appropriate affidavit and/or memorandum demonstrating sufficient basis for sealing as set forth in *Lugosch III v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and related case law. The non-moving party shall not oppose, and the Confidential Information shall not be filed with the Clerk's Office until such time as the Court has ruled on the motion.

(c)      All pleadings, briefs or memoranda which reproduces, paraphrases or discloses any Information which has previously been designated by a Producing Party as comprising or containing Confidential Information, shall identify such Information therein by specific reference thereto.

14.      Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

15.      Any Information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature as provided in paragraphs 2 and/or 12 of this Stipulation, may be so designated by the party asserting the confidentiality by written notice to the undersigned counsel for the Receiving party identifying the Information as Confidential Information or Attorney's Eyes Only Information, as the case may be, within a reasonable time following the discovery that the Information has been produced without such designation.

16.      Extracts and summaries of Confidential Information shall also be treated as Confidential Information or Attorney's Eyes Only Information, as the case may be, in accordance with the provisions of this Stipulation.

10

1155421-1

17.     The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other Information in this action or in any other action.

18.     The parties agree that any documents that are inadvertently produced after the date of this Stipulation that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine, or any other relevant privilege, shall not constitute a waiver of the applicable privilege.  If any such document is inadvertently produced, the Receiving party agrees that, upon request from the Producing party, it will promptly return all copies of the document in its possession, delete any versions of the documents on any database it maintains and make no use of the information contained in the document, provided, however, that the Receiving party returning such document shall have the right to apply to the Court for an order that such document is not protected from disclosure by any privilege.

19.     This Stipulation is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law.

20.     Absent prior written consent of all Producing Parties, this Stipulation shall continue to be binding after the conclusion of this litigation.

21.     Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

22.     Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions

11

1155421-1

thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party. In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

23.     This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

24.     In the event anyone shall violate or threaten to violate any term of this Stipulation (the "responding person"), the parties agree that the aggrieved party or non-party may immediately apply for relief to prevent the responding person from violating or threatening to violate any of the terms of this Order and, in the event that the aggrieved party shall do so, the responding person subject to this Stipulation shall not employ as a defense thereto that the aggrieved party possesses an adequate remedy at law. The parties and any other person subject to this Stipulation agree that the United States District Court for the Southern District of New York has jurisdiction over the person and party for the purposes of enforcing this Stipulation.

12

25.     It is further stipulated and agreed that this Stipulation may be executed by the parties in one or more counterparts, all of which taken together shall constitute one and the same instrument, and shall become effective immediately upon execution of counterparts by all parties.  This Stipulation may be executed by the parties by facsimile or electronic signatures which signature shall be deemed originals for the purpose of this Stipulation.

SO ORDERED:

_____
U.S.D.J.

13

1155421-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

GO SMILE, INC,

                        Plaintiff[s],

                                                    ADDENDUM TO ORDER
                                                    10   Civ. 8663   (PKC)

            -against-

DR. JONATHAN B. LEVINE,

                        Defendant[s].
-------------------------------------------------------------x

        This Addendum is an integral part of the Order of today's date granting

confidentiality protection to certain materials.  Notwithstanding any other provision, no

document may be filed with the Clerk under seal without a further Order of this Court

addressing the specific documents to be sealed.  Any application to seal shall be

accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that

the standards for sealing have been met and specifically addressing Lugosch v. Pyramid

Co. of Onondaga, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling

authority.

        Nothing herein is intended to alter or modify the applicability of Rule 5.2,

Fed. R. Civ. P., to this case.  The redactions expressly authorized by Rule 5.2 may be

made without further application to the Court.

        SO ORDERED.

                                                    _____
                                                            P. Kevin Castel
                                                    United States District Judge

Dated: New York, NY
        12-30-10

Dated:  December 2-9, 2010

OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP

By: _____

Kyle C. Bisceglie
Howard J. Smith
Joshua S. Androphy
*Attorneys for Defendants*
Park Avenue Tower
65 East 55th Street
New York, New York 10022
(212) 451-2300

FLEMMING ZULACK WILLIAMSON
ZAUDERER LLP

By: _____

Mark C. Zauderer
Jonathan D. Lupkin
Kimberly A. Pallen
*Attorneys for Plaintiff*
One Liberty Plaza
New York, NY 10006
(212) 412-9500

BARACK FERRAZZANO KIRSCHBAUM &
NAGELBERG LLP

By: _____

Wendi E. Sloane
Annaliese F. Fleming
*Attorneys for Plaintiff*
200 West Madison Street, Suite 3900
Chicago, IL 60606
(312) 629-7385

RESSLER & RESSLER

By: _____

Ellen R. Werther
*Attorney for Defendant*
48 Wall Street
New York, NY 10005
(212) 695-6446

DAVIDOFF, MALITO & HUTCHER, LLP

By: _____

David W. Denenberg
Joshua S. Krakowsky
Michael A. Adler
*Attorneys for Defendant*
605 Third Avenue, 34th Floor
New York, NY 10158
(646) 428-3256

Subject to Addendum Order

SO ORDERED:

_____  12-30-10

U.S.D.J.

14

1155421-1

15

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GO SMILE, INC., a Delaware Corporation, | Index No. 10 CV 8663 (PKC) |
| Plaintiff, | |
| -against- | |
| DR. JONATHAN B. LEVINE, D.M.D. P.C., a New York corporation, and DR. JONATHAN B. LEVINE, an individual, | |
| Defendants. | |

## AGREEMENT CONCERNING MATERIAL
## COVERED BY PROTECTIVE ORDER

The undersigned hereby acknowledged that he/she has read the Stipulation and Protective Order entered in this action by the United States District Court for the Southern District of New York on _____, 2010, that he/she understands the terms thereof and that he/she agrees to be bound by such terms.

**[BALANCE OF PAGE INTENTIONALLY LEFT BLANK]**

16

1155421-1

_____
SIGNATURE

_____
NAME (PRINTED)

_____
AFFILIATION/COMPANY

_____
DATE

17