UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOSMILE, INC., a Delaware Corporation,<br><br>          Plaintiff,<br><br>   -against-<br><br>DR. JONATHAN B. LEVINE, D.M.D. P.C., a New York corporation, and DR. JONATHAN B. LEVINE, an individual,<br><br>          Defendants. | Index No. 10 CV 8663 (PKC)(DCF)<br><br>DECLARATION OF<br>MICHAEL A. ADLER |

   MICHAEL A. ADLER, declares under the penalties of perjury, pursuant to 28 U.S.C. § 1746 that:

   1.  I am a member of Davidoff, Malito & Hutcher LLP, attorneys for defendants Dr. Jonathan B. Levine, D.M.D. P.C. and Dr. Jonathan B. Levine ("Dr. Levine") ("Defendants"). I submit this declaration in opposition to Plaintiff GoSMILE, Inc.'s ("Plaintiff" or "GoSMILE") motion for a preliminary injunction.

The State Court Action

   2.  In January 2009, GoSMILE commenced an action in the Southern District, *GoSMILE Inc. v. Levine, et al.*, 09 Civ. 840 (S.D.N.Y.) (LAK). That action was dismissed by Judge Kaplan on procedural grounds.

   3.  Thereafter, in April 2009, GoSMILE commenced another action in New York County Supreme Court, *GoSMILE, Inc. v. Jonathan B. Levine, D.D.S., et al.*, Index No 09601148 (Sup. Ct. N.Y. Co.)(the "State Court Action") alleging, among other things, that Dr. Levine was in breach of certain non-compete provisions in the Settlement Agreement and that, as a result, GoSMILE is entitled to rescission of the Settlement Agreement.

4. In the State Court Action, GoSMILE has repeatedly issued subpoenas to GLO Science's vendors. As a result, Justice Ramos ordered GoSMILE to withdraw its subpoenas and obtain prior court approval before issuing any further non-party subpoenas. Annexed as Exhibit A is Justice Ramos's order in the State Court Action.

5. GoSMILE replaced Latham & Watkins LLP with the Chicago law firm Barack Ferrazzanno Kirschbaum & Nadelberg LLP which I believe represents LVMH, the parent of major retailer Sephora.

6. In the State Court Action, GoSMILE also sought to compel discovery of what Dr. Levine's new competitive products were, despite its own acknowledgment that such information constitutes trade secrets. Justice Ramos granted Dr. Levine a protective order shielding all such trade secret documents from discovery despite GoSMILE's request that such documents be produced on an "attorneys eyes only" basis.

7. GoSMILE produced documents in the State Court Action on July 27, 2009, that evidenced that GoSMILE had learned, as early as late 2008 or early 2009, that it was aware of Dr. Levine's intention to introduce products using the GLO mark.

8. Also in the State Court Action, Justice Ramos issued an order enjoining GoSMILE from using Dr. Levine's name and likeness to promote its products. A true copy of that order is annexed as Exhibit B.

### GoSMILE's Delayed Motion for Preliminary Injunction

9. GoSMILE had threatened to seek injunctive relief in the State Court Action, as early as June 2009, but never did so.

10. In this action, on November 17, 2010, GoSMILE's counsel wrote this Court requesting a conference to discuss its contemplated motion for a preliminary injunction.

1164521-1
80071722

11.     On December 2, 2010, GoSMILE's counsel again wrote the Court requesting permission to file its motion for a preliminary injunction expedited hearing and indicating that it would "proceed by order to show cause" if the Court preferred.

Dated: January 4, 2011

_____
MICHAEL A. ADLER