Case 1:10-cv-08663-PKC   Document 47   Filed 01/13/11   Page 1 of 2

# FLEMMING ZULACK WILLIAMSON ZAUDERER LLP

LAW OFFICES
ONE LIBERTY PLAZA
NEW YORK, NEW YORK
10006-1404
(212) 412-9500
FAX (212) 964-9200

**MEMO ENDORSED**

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-13-11
```

January 11, 2011

JONATHAN D. LUPKIN

**BY FEDEX**

Honorable P. Kevin Castel
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10021


RECEIVED JAN 3 2011 CHAMBERS OF P KEVIN CASTEL U.S.D.J.

### Re: GoSMILE, Inc. v. Dr. Jonathan B. Levine, D.M.D, P.C. and Dr. Jonathan B. Levine, 10 CIV 8663 (PKC)

Dear Judge Castel:

    This firm, along with co-counsel at Barack Ferrazzano Kirschbaum & Nagelberg LLP, represents plaintiff GoSMILE, Inc. ("GO SMiLE") in the above-referenced action.

    On January 8, 2011, at approximately 3 a.m., GO SMiLE served its papers in further support of its motion for a preliminary injunction. These papers were comprised of the Reply Memorandum in Support of its Motion for a Preliminary Injunction (the "Reply Memorandum"), the Declaration of Leslie Faust, dated January 7, 2011 (with exhibits), the Declaration of Wendi Sloane, dated January 7, 2011 (with exhibits)(the "Sloane Declaration") and the Declaration of Erin Nicoletti, dated January 7, 2011 (with exhibits) (collectively the "Reply Papers"). Because its Reply Papers annex and refer to certain documents that defendants believe to be "confidential," GO SMiLE has filed a redacted set of these papers on the ECF system. In particular, the Reply Papers filed on the ECF system do not include exhibits 12, 14, 15, 16, 23, 24, 25 and 26 of the Sloane Declaration, the Sloane Declaration itself bears redactions in paragraphs 17, 19, 27, 29, 30 and 31, and the Reply Memorandum bears redactions on pages 23, 24, 30 and 31. Defendants will be filing a motion to seal at an appropriate time, as required by the stipulated protective order entered in this case. Depending upon the Court's ruling on the sealing motion, GO SMiLE with either re-file electronically a fully unredacted set of the Reply Papers or follow the sealing procedures viz a viz the Clerk's Office, which are set forth on the Southern District's web page.

WRITER'S DIRECT DIAL
(212) 412-9579
jlupkin@fzwz.com

    In accordance with paragraph 13(b) of the stipulated protective order (Document No. 31 on the electronic docket), we are transmitting herewith copy for Chambers a copy of the Reply Papers, as filed on the ECF system, along with sealed envelopes containing:

- Unredacted copies of pages 23 – 24 and 30 – 31 of the Reply Memorandum;

Hon. P. Kevin Castel
January 11, 2011
Page 2 of 2

- Unredacted copies of the pages of the Sloane Declaration containing paragraphs 17, 19, 27, 29, 30 and 31; and

- Exhibits 12, 14, 15, 16, 23, 24, 25, and 26 to the Sloane Declaration.

Finally, pursuant to paragraph 2.C. of your Honor's Individual Rules of Practice, we ask that the Court accept GO SMiLE's Reply Memorandum notwithstanding that it exceeds the presumptive 10-page limit. GO SMiLE required the additional pages to address certain factual issues as well as the sheer number of arguments presented in defendants' opposition papers that required rebuttal. In addition, due to the expedited schedule, GO SMiLE had only three days to prepare its Reply Papers. As a consequence, counsel regrettably lacked the time it would have preferred to pare down further the Reply Memorandum. We sincerely apologize for the length of the Reply Memorandum, and we ask that the Court's indulgence in this regard.

Respectfully,

Jonathan D. Lupkin

Enclosures
cc:   VIA FEDEX, WITH EXHIBITS

   Kyle Bisceglie, Esq.
   David Denenberg, Esq.
   Ellen Werther, Esq.

---

*Handwritten annotation by the Court:*

Lupkin is satisfied. SO ORDERED. [signature] USDJ 1-13-11

Paragraph 13(b) of the Stipulation and Order of Jan 3, 2011 was modified by reason of the Addendum to Order dated December 30 and filed on Jan 3 (DE# 31 at p. 14 of 18). Lupkin did the presumption of access are not so lightly overcome by the assertion that a party does not seek to seal a document; it only seeks to have the Court consider it but not file it. No document will be part of the public record unless first a party demonstrates that...