UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOSMILE, INC., a Delaware Corporation, | Index No. 10 CV 8663 (PKC)(DCF) |
| Plaintiff, | |
| -against- | |
| DR. JONATHAN B. LEVINE, D.M.D. P.C., a New York corporation, and DR. JONATHAN B. LEVINE, an individual, | |
| Defendants. | |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SEALING ORDER

OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP
*Attorneys for Defendants Dr. Jonathan B. Levine, D.M.D. P.C. and Dr. Jonathan B. Levine*
Park Avenue Tower
65 East 55th Street
New York, New York 10022
(212) 451-2300

1178928-1

Table of Contents

Page

Preliminary Statement .................................................................................................... 1

Statement of Facts .......................................................................................................... 1

    The Stolen Trade Secrets.................................................................................... 2

    GoSMILE's Use of the Stolen Trade Secrets on Their Motion for Preliminary Injunction............................................................................................................ 5

Argument ........................................................................................................................ 6

        A.    The Standard of Review on a Motion to Seal .......................................... 6

        B.    Exhibits 12, 14, and 15 Should be Filed Under Seal ................................ 7

Conclusion ...................................................................................................................... 10

Preliminary Statement

In support of their motion for a preliminary injunction, GoSMILE has served, and intends to file, documents that were stolen by Defendants' former employees and given to GoSMILE. These documents contain Defendants' confidential and sensitive trade secrets, including documents that show Defendants' budgets, strategies, analyses, and product designs. Public disclosure of these trade secrets would cause Defendants' financial harm and place them at a competitive disadvantage, in relation to both with their competitors and in negotiations with retailers who sell their products.

These harms outweigh the presumption of access to judicial documents outlined in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) and other controlling authority. This is especially the case because the documents at issue only have, at most, minimal relevance to the trademark infringement issue to be decided on GoSMILE's motion for a preliminary injunction. For these reasons, GoSMILE should be required to file Exhibits 12, 14, and 15 to the Reply Declaration of Wendi Sloane under seal.[1]

Statement of Facts

The facts below are taken from the declarations of Joshua S. Krakowsky (Krakowsky Dec.) and Kyle C. Bisceglie (Bisceglie Dec.).

---

[1] Defendants' motion to require filing of Exhibits 12, 14, and 15 to the Reply Declaration of Wendi Sloane under seal is without waiver of any other rights Defendants may have, including their application to strike GoSMILE's reply papers for exceeding this Court's page limit for reply briefs and for being served after the Court-ordered deadline, and their application for an order precluding use of those exhibits on the grounds that they are stolen documents.

1178928-1

The Stolen Trade Secrets

Leslie French and Suzanne Della Pella are two former employees of Defendants. Ms. French was fired for incompetence and malfeasance, and Ms. Della Pella was fired for stealing Defendants' confidential information. (Krakowsky Dec. ¶ 3)[2]

On January 29, 2009, GOSMILE filed a complaint in federal court against Defendants and Stacey Levine, Dr. Levine's wife. Shortly afterwards, Defendants discovered that Ms. French and Ms. Della Pella had stolen confidential information from the Defendants. (*Id.* ¶ 4) The federal action GoSMILE filed in January 2009 was dismissed on procedural grounds, and in April 2009 GoSMILE commenced an action in New York State Court against Dr. Levine (the "State Court Action"). (*Id.* ¶ 5)

Based on the allegations in GoSMILE's January 2009 federal complaint, Defendants realized that GoSMILE and/or its then-counsel, Latham & Watkins LLP, had made use of stolen confidential information in order to make the specific allegations contained in the complaint. (*Id.* ¶ 6)

Upon discovering that current and former employees, working together, had breached Dr. Levine's office computer systems and stolen highly confidential proprietary information and trade secrets, Dr. Levine retained John Ruiz, a forensic computer expert from Precision Discovery, Inc. to investigate the matter. Mr. Ruiz's investigation showed that Ms. Della Pella and Ms. French had secreted electronic copies of confidential documents containing the designs, processes, and plans for new products Dr. Levine was developing out of Dr. Levine's office while they were employed and thereafter, even after their termination. (*Id.* ¶ 7) Mr. Ruiz's investigation concluded that Ms. French accessed Dr. Levine's office e-mail server using her

---

[2] On January 13, 2011, GoSMILE's state court counsel produced a supposed "joint defense agreement" for Ms. French (although Ms. French is not a party to the State Court Action) and admitted that no joint defense agreement exists with the second employee, Suzanne Della Pella. (Krakowsky Dec. ¶ 22)

2

1178928-1

password and transmitted files containing confidential information to her person email account and to Ms. Della Pella's personal email account. Ms. Della Pella did the same, emailing confidential files from the office email server to Ms. French's personal email account. (*Id.* ¶ 8)

Ms. French was terminated on October 31, 2008. Mr. Ruiz's investigation discovered that on November 6, 2008, Ms. Della Pella fraudulently sought and obtained the login name and password to Ms. French's desktop office server email account by claiming that she needed to obtain a document from Ms. French's office desktop computer. Ms. Della Pella used that access to obtain and send confidential documents and emails from Ms. French's office email account to Ms. French's personal account. Mr. Ruiz has determined that the confidential information was transmitted from a single computer located in Dr. Levine's office, which only Ms. Della Pella and Ms. French had access to from the time Ms. French was hired in May 2008 through Ms. Della Pella's termination in February 2009. (*Id.* ¶ 9, Ex. A)

Ms. French then provided the confidential information and documents to GoSMILE. A document produced by GoSMILE in the State Court Action reveals that GoSMILE paid more than $5,400 for airfare and other travel expenses for Ms. French and her attorney, Mr. Gottlieb, to meet with GoSMILE in connection with GoSMILE's federal complaint. (*Id.* ¶ 10, Ex. B)

After receiving the federal complaint and Mr. Ruiz's forensic analysis, Larry Hutcher, counsel for Dr. Levine, wrote a letter to Kenneth M. Fitzgerald of Latham and Watkins, then-counsel for GoSMILE, stating that Dr. Levine was "well aware of the fact that his former employee, Leslie French, misappropriated confidential information belonging to him and his dental practice and that she then wrongfully turned over this information to your client," GoSMILE. (*Id.* ¶ 11, Ex. C)

Mr. Fitzgerald responded by email the following day, without denying that the complaint was based, in part, upon stolen confidential documents, but representing that his firm had "taken care" to shield the stolen documents in GoSMILE's counsel's possession from GoSMILE, and that "[o]ur client has not seen them and won't, pending agreement or court order permitting them to be shared." (*Id.* ¶ 12, Ex. D)

On July 27, 2009, in response to a request for document production by Dr. Levine in the State Court Action, GoSMILE produced to Dr. Levine, among other things, confidential documents it had received from Ms. French (the "French Documents"). (*Id.* ¶ 13)

In May 2010, a confidentiality stipulation and order was so-ordered by the Justice Ramos in the State Court Action. Among other things, the confidentiality stipulation and order provides that a party has 15 days after receiving confidential documents produced by the other party to notify all counsel after receipt of those documents that such documents are to be deemed confidential. (*Id.* ¶ 14) GoSMILE has asserted the position that since defendants in the State Court Action did not designate French Documents as confidential pursuant to the confidentiality stipulation and order, the documents may be publicly disclosed. Defendants did not explicitly provide notice under the confidentiality stipulation and order that the French Documents should be treated as confidential within 15 days of receipt because the confidentiality stipulation and order was not in place when the French Documents were produced on July 27, 2009. (*Id.* ¶ 15) Additionally, counsel for GoSMILE had agreed in writing that it would "shield all Levine and Levine P.C. documents in our possession from GoSmile. Our client has not seen them and won't pending agreement or court order permitting them to be shared." (*Id.* Ex. D) There has been no agreement or court order permitting the French documents to be shared. There was no need to serve formal notice a year later after entering the confidentiality order to add that the French

4

Documents that GoSMILE had already agreed to keep confidential were also confidential under the confidentiality stipulation and order.

Additionally, in the State Court Action, Justice Ramos issued a protective order dated October 22, 2010, protecting from disclosure in that action documents containing trade secrets.

<u>GoSMILE's Use of the Stolen Trade Secrets on Their Motion for Preliminary Injunction</u>

On January 3, 2011, this Court so-ordered a Stipulation and Order for the Production and Exchange of Confidential Information (the "Confidentiality Stipulation and Order"). (Bisceglie Dec. Ex. A)  Under the Confidentiality Stipulation and Order, either party may designate documents or information as "Confidential Information" or Attorneys Eyes Only Information," and may seek to have such documents or information filed under seal.  The non-moving party may not oppose the application.  (*Id.* Ex. A, ¶ 13)  The Court's addendum to the Confidentiality Stipulation and Order requires that any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 119-120 (2d Cir. 2006), and other controlling authority.  (*Id.* Ex. A at p. 14)

In an email to Kyle C. Bisceglie on Friday, January 7, 2011, the date GoSMILE's reply papers were due, co-counsel for Defendants in this action, GoSMILE's counsel Wendi Sloane acknowledged that GoSMILE's "reply memorandum quotes certain of the documents that Leslie French provided to GoSMILE's former counsel, and that such documents are exhibits to [Ms. Sloane's] Declaration." (Bisceglie Dec. ¶ 5)  Ms. Sloane advised that her firm would serve, but not file, GoSMILE's reply brief that evening to give Defendants' counsel to consider "whether you would like us to seek to file the Reply Brief and Exhibits under Seal and to file a redacted copy with the Court."  Mr. Bisceglie agreed that they may do so.  (*Id.*)

5

Despite representing that they would serve their reply papers on the evening of Friday, January 7, GoSMILE did not serve their reply papers until Saturday morning, January 8. (*Id.* ¶ 6) After Defendants' counsel identified several exhibits that they requested be filed under seal, on January 10, 2011, GoSMILE's counsel advised for the first time that they would not move this Court for permission to file under seal, despite their representation on January 7 that they would "seek to file the Reply Brief and Exhibits under Seal" if Defendants' counsel so requested. (*Id.*) Instead, GoSMILE's counsel insisted that "if defendants wish to have documents in our motion filed under seal, defendants bear the burden of making this motion." (*Id.*)

GoSMILE's wrote the court on January 11, 2011 enclosing the unredacted versions of its reply papers, and advising that Defendants would be moving for a sealing order. On January 13, 2011, this Court ordered that it would not consider documents that had not been filed, and that in order for documents to file a document under seal, a party would have to show that the requirements of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), had been satisfied. (*Id.* Ex. B) The parties agreed that Defendants would file a motion to seal any documents they wish to have filed under seal by Monday, January 17. (*Id.* ¶ 8)

Argument

A. The Standard of Review on a Motion to Seal

There is a common law presumption in favor of access to "judicial documents" - those documents "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States v. Amodeo (Amodeo I)*, 44 F.3d 141, 145 (2d Cir. 1995)). "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. Generally, the information will fall somewhere on a continuum

6

1178928-1

from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "[A]fter determining the weight of the presumption of access, the court must 'balance competing considerations against it,'" including "'the privacy interests of those resisting disclosure.'" *Id.* at 120 (quoting *Amodeo II*, 71 F.3d at 1050.

Additionally, there is a "qualified First Amendment right to attend judicial proceedings and to access certain judicial documents." *Id.* at 124.

Nevertheless, "[w]hen litigation requires disclosure of trade secrets, the court may disclose certain materials only to the attorneys involved." *In re New York Times Co. to Unseal Wiretap & Search Warrant Materials*, 577 F.3d 401, 410 n.4 (2d Cir. 2008) (citing Fed. R. Civ. P. 26(c)(1)(G) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way....")). "Notwithstanding the presumption of access under both the common law and the First Amendment, the documents may be kept under seal if 'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework so demand." *Lugosch*, 435 F.3d at 124.

B. <u>Exhibits 12, 14, and 15 Should be Filed Under Seal</u>

Exhibits 12, 14 and 15 to the Sloane Reply Declaration contain trade secrets, and their public disclosure would cause Defendants severe financial harm and place defendants at a competitive disadvantage.

Exhibit 12 is a series of documents concerning plans for developing, marketing, and distributing a line of "GLO" teeth whitening products. Included are documents that: (1) set out the types of products that Defendants plan to develop and their expected resale price, cost of

7

production, and launch quantity (GOSMILE 0007182-88, 0007268-71, 0007284-89); (2) reveal Defendants brand development plans for GLO (GOSMILE 0007190-91, 0007193; (3) describe meetings Dr. Levine and other employees had with potential retailers about merchandising ideas (GOSMILE 0007192); (4) describe Defendants' practices to purchase web domain names (GOSMILE 0007192); (5) reveal details about the design of Defendants' teeth whitening products (GOSMILE 0007207-14); and (6) reveal Defendants' analysis of its competitors and of the teeth whitening market (GOSMILE 0007225-35, 0007293, 0007308-7317).

Exhibit 14 contains Defendants' targets for the cost of production, retail price, and launch quantities for their products.

Exhibit 15 contains notes of a meeting among Dr. Levine, Stacey Levine, Linda Mintz, Ms. Della Pella, Ms. French, and Andy Almeter on Glo branding. The notes describe products Defendants were considering developing, their business strategies, budgets, and cost projections.

This litigation involves a dispute between two private parties, and documents at issue address internal and highly-specific trade issues in the teeth whitening business on products that will soon be public. They do not stab at the heart of the public's right to access. More importantly, public disclosure of these exhibits would place Defendants at risk of severe financial harm and competitive disadvantage. The document include, among other things, Defendants' their business strategies, financial cost and revenue projections, negotiation strategies with retailers, and branding and marketing strategies.

Because of the risk disclosure of these documents would pose to Defendants, these documents should be filed under seal. Documents "may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Standard Inv. Chartered, Inc. v. Financial Industry*

*Regulatory Authority, Ind.*, 347 Fed. Appx. 615, 616-17 (2d Cir. 2009) (quoting *Lugosch*, 456 F.3d at 120). Sealing is justified where disclosure of documents would subject a party to "financial harm" or could cause a party "significant competitive disadvantage." *Id.* at 617.

Here, disclosure of the details Exhibits 12, 14, and 15 reveal about Defendants' business plans and forecasts, negotiation strategies, analyses of competitors, and product design would place Defendants at a significant competitive disadvantage. Disclosure would hamper Defendants ability to compete on fair ground with other producers of teeth whitening products. It would also place them at disadvantage in their negotiations with retailers. These interests justify sealing of Exhibits 12, 14, and 15. *See Standard Inv. Chartered*, 347 Fed. Appx. at 617 (affirming sealing of documents where public disclosure would reveal party's financial data and negotiations tactics).

Furthermore, Exhibits 12, 14, and 15 are only minimally relevant to the substance of GoSMILE's motion for preliminary injunction and are not likely to be central to the Court's resolution of the motion. Each of the documents is only cited once in GoSMILE's reply brief, as purported proof that Defendants' chose the Glo trademarks with the intent to create confusion among consumers between its products and GoSMILE's. The actual documents in no way support GoSMILE's absurd accusation. In any case, the overwhelming proof that the GoSMILE's and Defendants' trademarks are not similar and are unlikely to cause confusion renders the exhibits that purportedly show Defendants intended to create confusion between its products and GoSMILE's only minimally relevant. Because Exhibits 12, 14, and 15 will likely only play only "a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a

9

countervailing reason." *Standard Inv. Chartered*, 347 Fed. Appx. at 617 (quoting *Amodeo II*, 71 F.3d at 1050.

<u>Conclusion</u>

Based on the foregoing, Defendants respectfully request that the Court order that Exhibits 12, 14, and 15 be filed under seal.

Dated: New York, New York
January 17, 2011

        OLSHAN GRUNDMAN FROME
        ROSENZWEIG & WOLOSKY LLP


By:  s/ Kyle C. Bisceglie
      Kyle C. Bisceglie
      Howard J. Smith
      Joshua S. Androphy
      *Attorneys for Defendants*
      Park Avenue Tower
      65 East 55th Street
      New York, New York 10022
      (212) 451-2300

and

DAVIDOFF MALITO & HUTCHER LLP
David Warren Denenberg
Joshua S. Krakowsky
Michael A. Adler
*Attorneys for Defendant*
605 Third Avenue
34th Floor
New York, NY 10158
(646) 428-3256

1178928-1