UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOSMILE, INC., a Delaware Corporation, | Index No. 10 CV 8663 (PKC)(DCF) |
| Plaintiff, | |
| -against- | |
| DR. JONATHAN B. LEVINE, D.M.D. P.C., a New York corporation, and DR. JONATHAN B. LEVINE, an individual, | |
| Defendants. | |

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE GOSMILE'S REPLY PAPERS IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION, AND TO PRECLUDE GOSMILE FROM USING STOLEN DOCUMENTS

OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP
*Attorneys for Defendants Dr. Jonathan B. Levine, D.M.D. P.C. and Dr. Jonathan B. Levine*
Park Avenue Tower
65 East 55th Street
New York, New York 10022
(212) 451-2300

1178963-1

Preliminary Statement

GoSMILE served reply papers that were both late and exceeded, by more than three times, this Court's page limits for reply memoranda. GoSMILE's late and oversized reply papers should be stricken.

Additionally, GoSMILE has attached documents stolen from Defendants by their former employees Leslie French and Suzanne Della Pella, and given to GoSMILE. Because those documents were stolen in violation of federal statute, including the Stored Communications Act, 18 U.S.C. § 2701, *et seq.* and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, as well as common law duties, GoSMILE should be precluded from using the stolen documents in this action.

Statement of Facts

The facts below are taken from the declarations of Joshua S. Krakowsky (Krakowsky Dec.) and Kyle C. Bisceglie (Bisceglie Dec.).

The Stolen Trade Secrets

Leslie French and Suzanne Della Pella are two former employees of Defendants. Ms. French was fired for incompetence and malfeasance, and Ms. Della Pella was fired for stealing Defendants' confidential information. (Krakowsky Dec. ¶ 3)

On January 29, 2009, GOSMILE filed a complaint in federal court against Defendants and Stacey Levine, Dr. Levine's wife. Shortly afterwards, Defendants discovered that Ms. French and Ms. Della Pella had stolen confidential information from the Defendants. (*Id.* ¶ 4) The federal action GoSMILE filed in January 2009 was dismissed on procedural grounds, and in April 2009 GoSMILE commenced an action in New York State Court against Dr. Levine (the "State Court Action"). (*Id.* ¶ 5)

1178963-1

Based on the allegations in GoSMILE's January 2009 federal complaint, Defendants realized that GoSMILE and/or its then-counsel, Latham & Watkins LLP, had made use of stolen confidential information in order to make the specific allegations contained in the complaint. (*Id.* ¶ 6)

Upon discovering that current and former employees, working together, had breached Dr. Levine's office computer systems and stolen highly confidential proprietary information and trade secrets, Dr. Levine retained John Ruiz, a forensic computer expert from Precision Discovery, Inc. to investigate the matter. Mr. Ruiz's investigation showed that Ms. Della Pella and Ms. French had secreted electronic copies of confidential documents containing the designs, processes, and plans for new products Dr. Levine was developing out of Dr. Levine's office while they were employed and thereafter, even after their termination. (*Id.* ¶ 7) Mr. Ruiz's investigation concluded that Ms. French accessed Dr. Levine's office e-mail server using her password and transmitted files containing confidential information to her person email account and to Ms. Della Pella's personal email account. Ms. Della Pella did the same, emailing confidential files from the office email server to Ms. French's personal email account. (*Id.* ¶ 8)

Ms. French was terminated on October 31, 2008. Mr. Ruiz's investigation discovered that on November 6, 2008, Ms. Della Pella fraudulently sought and obtained the login name and password to Ms. French's desktop office server email account by claiming that she needed to obtain a document from Ms. French's office desktop computer. Ms. Della Pella used that access to obtain and send confidential documents and emails from Ms. French's office email account to Ms. French's personal account. Mr. Ruiz has determined that the confidential information was transmitted from a single computer located in Dr. Levine's office, which only Ms. Della Pella

and Ms. French had access to from the time Ms. French was hired in May 2008 through Ms. Della Pella's termination in February 2009. (*Id.* ¶ 9, Ex. A)

Ms. French then provided the confidential information and documents to GoSMILE. A document produced by GoSMILE in the State Court Action reveals that GoSMILE paid more than $5,400 for airfare and other travel expenses for Ms. French and her attorney, Mr. Gottlieb, to meet with GoSMILE in connection with GoSMILE's federal complaint. (*Id.* ¶ 10, Ex. B)

After receiving the federal complaint and Mr. Ruiz's forensic analysis, Larry Hutcher, counsel for Dr. Levine, wrote a letter to Kenneth M. Fitzgerald of Latham and Watkins, then-counsel for GoSMILE, stating that Dr. Levine was "well aware of the fact that his former employee, Leslie French, misappropriated confidential information belonging to him and his dental practice and that she then wrongfully turned over this information to your client," GoSMILE. (*Id.* ¶ 11, Ex. C)

Mr. Fitzgerald responded by email the following day, without denying that the complaint was based, in part, upon stolen confidential documents, but representing that his firm had "taken care" to shield the stolen documents in GoSMILE's counsel's possession from GoSMILE, and that "[o]ur client has not seen them and won't, pending agreement or court order permitting them to be shared." (*Id.* ¶ 12, Ex. D)

On July 27, 2009, in response to a request for document production by Dr. Levine in the State Court Action, GoSMILE produced to Dr. Levine, among other things, confidential documents it had received from Ms. French (the "French Documents"). (*Id.* ¶ 13)

<u>GoSMILE's Use of the Stolen Documents in this Action</u>

In an email to Kyle C. Bisceglie on Friday, January 7, 2011, the date GoSMILE's reply papers were due, co-counsel for Defendants in this action, GoSMILE's counsel Wendi Sloane acknowledged that GoSMILE's "reply memorandum quotes certain of the documents that Leslie

3

1178963-1

French provided to GoSMILE's former counsel, and that such documents are exhibits to [Ms. Sloane's] Declaration." (Bisceglie Dec. ¶ 3)

Exhibits 12, 14 and 15 to Ms. Sloane's reply declaration are among the French Documents that were stolen by Ms. French and Ms. Della Pella.

Argument

I

GOSMILE'S REPLY PAPERS SHOULD BE STRICKEN

In disregard of this Court's order and rules, GoSMILE served reply papers that both (1) were late, as they were served on January 8, 2011, after the court-ordered deadline for GoSMILE to serve their reply papers, and (2) exceeded by 24 pages this Court's Individual Practices.

This Court's Scheduling Order dated December 16, 2010 ordered that GoSMILE must serve and serve its Reply in Further Support of its Motion for a Preliminary Injunction on or before January 7, 2011. (Doc. #27)  GoSMILE did not serve their reply papers until January 8, 2011, and have not offered any justification for their late service.  (Bisceglie Dec. Ex. B)  This is not GoSMILE's first violation of this Court's Scheduling Order.  GoSMILE also filed their motion papers on December 21, 2010, a day after the court-ordered deadline of December 20, 2010.  GoSMILE's repeated late filings are even more alarming in light of the fact that they wrote the Court as early as November 19, 2010 to request a conference to discuss GoSMILE's anticipated motion for preliminary injunction "and the setting of a hearing date for such a motion before the end of the calendar year." (Bisceglie Dec. Ex. A)  Having requested such an expedited schedule, GoSMILE's noncompliance with the Court's Scheduling Order is audacious.  The Court should not countenance GoSMILE's repeated violations of its Scheduling Order.

Nor should the Court permit GoSMILE's disregard of the Court's Individual Practices and allow GoSMILE's 34-page reply memorandum.  GoSMILE did not even come close to

4

1178963-1

complying with the Court's Individual Practice 2.C limiting reply memoranda to 10 pages. GoSMILE did not request permission from the Court to serve a reply memorandum exceeding 10 pages in advance of serving their reply memorandum until January 11, four days after their reply papers were due. (*Id.* Ex. C) GoSMILE offered only the poor excuse that because it only had three days to prepare its reply memorandum it could not "pare down further the Reply Memorandum" from 34 pages (*Id.*) It is hard to conclude anything but that GoSMILE simply disregarded this Court's Individual Practice 2.C. Defendants certainly had to make decision about which arguments and evidence to include in its 25-page opposition memorandum; GoSMILE, likewise, was obligated to do the same. GoSMILE already filed a 25-page moving brief. It should not also receive a 34-page reply. The reply memorandum should be stricken.

II

## GOSMILE SHOULD BE PRECLUDED FROM USING THE STOLEN FRENCH DOCUMENTS

In order to protect the integrity of the judicial proceedings, GoSMILE should be precluded from using the stolen French Documents.

A. French and Della Pella's Theft of the French Documents Violated the Stored Communications Act and Computer Fraud and Abuse Act

The Stored Communications Act, 18 U.S.C. § 2701, et seq. ("SCA"), part of the Wiretap Act, provides in part:

> (a) Offense.-Except as provided in subsection (c) of this section whoever-
>
> (1) intentionally *accesses without authorization a facility through which an electronic communication service is provided;* or
>
> (2) intentionally *exceeds an authorization* to access that facility; and *thereby obtains,* alters, or prevents authorized access to a wire or *electronic communication while it is in electronic storage* in such system shall be punished as provided in subsection (b) of this section.

5

1178963-1

18 U.S.C.A. § 2701 (emphasis added). The Act "aims to prevent hackers from obtaining, altering or destroying certain stored electronic communications." *In re DoubleClick Inc. Privacy Litigation,* 154 F.Supp.2d 497, 507 (S.D.N.Y. 2001) (citing *Sherman & Co. v. Salton Maxim Housewares, Inc.,* 94 F.Supp.2d 817, 820 (E.D. Mich. 2000)). "Thus, a person violates the SCA if she accesses an electronic communication service, *or* obtains an electronic communication while it is still in electronic storage, without authorization." *Pure Power Boot Camp v. Warrior Fitness Boot Camp*, 587 F.Supp.2d 548, 555 (S.D.N.Y. 2008)

The Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, provides civil and criminal penalties against a person who, among other things, "intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains . . . information from any protected computer."[1] 18 U.S.C. § 1030(a)(2)

Here, Ms. Della Pella violated the SCA and CFAA by fraudulently obtaining access Ms. French's account on Defendants' e-mail system, and using that access to obtain and send to Ms. French Defendants' confidential electronic communications. (Krakowsky Dec. Ex. A) Ms. French then provided those confidential electronic communications to GoSMILE. (*Id.*)

    B.    <u>GoSMILE Should be Precluded From Using Documents Stolen by Ms. French and Ms. Della Pella in this Action</u>

The Court should exercise its equitable powers to preclude GoSMILE from using documents that it obtained through Ms. French and Ms. Della Pella's theft, in violation of the SCA and CFAA, as well as common law duties.

Federal courts have "inherent equitable powers of courts of law over their own process, to prevent abuses, oppression, and injustices." *Pure Power Boot Camp*, 587 F.Supp.2d at 568 (quoting *International Prods. Corp. v. Koons*, 325 F.2d 403, 408 (2d Cir. 1963)). "Furthermore,

---

[1] Under the CFAA, the definition of a "protected computer" includes, *inter alia*, "a computer . . . which is used in or affecting interstate or foreign commerce or communication." 18 U.S.C. 1030((e)(2)(B),

a district court may resort to its 'inherent power to fashion sanctions, even in situations similar or identical to those contemplated by [a] statute or rule.'" *Id.* (quoting *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 136 (2d Cir. 1998)).

In *Pure Power boot Camp*, the court was presented with a situation similar to the present one. The plaintiffs had stolen emails from defendants' email accounts and sought to use those emails to prove their claims accusing defendants of (1) stealing Plaintiffs' business model, customers, and internal documents, (2) breaching employee fiduciary duties, and (3) infringing Plaintiffs' trademarks, trade-dress, and copyrights. *Id.* at 551. Defendants moved to preclude plaintiffs from using those emails in the action. After a thorough analysis of the potential remedies for plaintiffs accessing and stealing defendants emails, the court ordered that plaintiffs be precluding from using the emails in the litigation, except that plaintiffs could use the emails "for impeachment purposes should Defendants open the door." *Id.* at 571. The court found that this remedy was appropriate, even though plaintiffs accessed the emails as a reaction to what it understood was wrongdoing by the defendants, and even though plaintiffs would otherwise had received the emails in discovery, because:

> In the end, the one thing that should remain unsullied is the integrity of the judicial process. In this Court's view, that integrity is threatened by admitting evidence wrongfully, if not unlawfully, secured.

*Id.*

Here, GoSMILE was aware that Ms. Della Pella had employment and confidentiality agreements with Defendants. Yet it solicited information from her and agreed to indemnify Ms. Della Pella for breaching her agreements with Defendants. (Bisceglie Dec. Ex. D at GS 12399-12400).

7

GoSMILE, through counsel, also flew Ms. French and her counsel to meet with GoSMILE and/or its counsel, paying more than $5,400, and entered a joint defense agreements with her even though she is not a party to the State Court Action. (Krakowsky Dec. ¶¶ 10, 22) The only difference between *Pure Power Boot Camp* and this case is that GoSMILE solicited and paid former employees of Defendants to do their dirty work.

The remedy imposed in *Pure Power Boot Camp* is equally appropriate here. GoSMILE should not be permitted to utilize documents that were stolen by Ms. French and Ms. Della Pella, in violation of the SCA and CFAA, particularly where GoSMILE agreed to finance the wrongdoing.

## Conclusion

Based on the foregoing, Defendants respectfully request that the Court (i) strike GoSMILE's reply in its entirety, and (2) preclude GoSMILE from using the stolen French Documents in this action.

8

1178963-1

Dated: New York, New York
January 17, 2011

        OLSHAN GRUNDMAN FROME
        ROSENZWEIG & WOLOSKY LLP

By:   s/ Kyle C. Bisceglie
      Kyle C. Bisceglie
      Howard J. Smith
      Joshua S. Androphy
      *Attorneys for Defendants*
      Park Avenue Tower
      65 East 55th Street
      New York, New York 10022
      (212) 451-2300

and

DAVIDOFF MALITO & HUTCHER LLP
David Warren Denenberg
Joshua S. Krakowsky
Michael A. Adler
*Attorneys for Defendant*
605 Third Avenue
34th Floor
New York, NY 10158
(646) 428-3256

9