UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOSMILE, INC., a Delaware Corporation,<br><br>                                    Plaintiff,<br><br>              -against-<br><br>DR. JONATHAN B. LEVINE, D.M.D. P.C., a New York corporation, and DR. JONATHAN B. LEVINE, an individual,<br><br>                                    Defendants. | Index No. 10 CV 8663 (PKC)(DCF)<br><br>DECLARATION OF<br>JOSHUA S. KRAKOWSKY |

JOSHUA S. KRAKOWSKY, declares under the penalties of perjury, pursuant to 28 U.S.C. § 1746 that:

1. I am associated with Davidoff, Malito & Hutcher LLP, attorneys for defendants Dr. Jonathan B. Levine, D.M.D. P.C. and Dr. Jonathan B. Levine ("Dr. Levine") ("Defendants"). I submit this declaration in support of Defendants' motion to seal documents submitted by plaintiff GoSMILE, Inc. ("GoSMILE") in connection with GoSMILE's papers in support of its motion for a preliminary injunction.

2. GoSMILE has included in its papers in support of preliminary injunction stolen trade secret documents that contain confidential information. To protect Defendants against financial harm and serious competitive advantage, Exhibits 12, 14, and 15 to the second declaration of Wendi Sloane in support of GoSMILE's motion for preliminary injunction, and all portions of GoSMILE's memorandum of law discussing those exhibits, should be filed under seal.

1175828-3

The Stolen Trade Secrets

3. Leslie French and Suzanne Della Pella are two former employees of Defendants. Ms. French was fired for incompetence and malfeasance, and Ms. Della Pella was fired for stealing Defendants' confidential information.

4. On January 29, 2009, GOSMILE filed a complaint in federal court against Defendants and Stacey Levine, Dr. Levine's wife. Shortly afterwards, Defendants discovered that Ms. French and Ms. Della Pella had stolen confidential information from the Defendants.

5. The federal action GoSMILE filed in January 2009 was dismissed based on a mandatory forum selection clause, and in April 2009 GoSMILE commenced an action in New York State Court against Dr. Levine (the "State Court Action").

6. Based on the allegations in GoSMILE's January 2009 federal complaint, Defendants had every reason to believe that GoSMILE and/or its then-counsel, Latham & Watkins LLP, had made use of the stolen confidential information in order to make the specific allegations contained in the complaint.

7. Upon discovering that current and former employees, working together, had breached Dr. Levine's office computer systems and stolen highly confidential proprietary information and trade secrets, Dr. Levine retained John Ruiz, a forensic computer expert from Precision Discovery, Inc. to investigate the matter. Mr. Ruiz's investigation showed that Ms. Della Pella and Ms. French had secreted electronic copies of confidential documents containing the designs, processes, and plans for new products Dr. Levine was developing out of Dr. Levine's office while they were employed and thereafter, even after their termination.

8. Mr. Ruiz's investigation concluded that Ms. French accessed Dr. Levine's office e-mail server using her password and transmitted files containing confidential information to her personal email account and to Ms. Della Pella's personal email account. Ms. Della Pella did the

2

1175828-3

same, emailing confidential files from the office email server to Ms. French's personal email account.

9. Ms. French was terminated on October 31, 2008. Mr. Ruiz's investigation discovered that on November 6, 2008, Ms. Della Pella fraudulently sought and obtained the login name and password to Ms. French's desktop office server email account by claiming that she needed to obtain a document from Ms. French's office desktop computer. Ms. Della Pella used that access to obtain and send confidential documents and emails from Ms. French's office email account to Ms. French's personal account. Mr. Ruiz has determined that the confidential information was transmitted from a single computer located in Dr. Levine's office, which only Ms. Della Pella and Ms. French had access to from the time Ms. French was hired in May 2008 through Ms. Della Pella's termination in February 2009. A copy of Mr. Ruiz's forensic report, without its exhibits, is annexed as Exhibit A.

10. Ms. French then provided the confidential information and documents to GoSMILE. A document produced by GoSMILE in the State Court Action reveals that GoSMILE paid more than $5,400 for airfare and other travel expenses for Ms. French and her attorney, Mr. Gottlieb, to meet with GoSMILE in connection with GoSMILE's federal complaint. A copy of an invoice dated January 31, 2009 from GoSMILE's then-counsel, Latham & Watkins, to GoSMILE, including itemized charges for "AIRFARE: GOTTLIEB & FRENCH" and "TRIP EXPENSE: GOTTLIEB AND FRENCH" is annexed as Exhibit B.

11. After receiving the federal complaint, my colleague, Larry Hutcher, wrote a letter to Kenneth M. Fitzgerald of Latham and Watkins, then-counsel for GoSMILE, stating that Dr. Levine was "well aware of the fact that his former employee, Leslie French, misappropriated confidential information belonging to him and his dental practice and that she then wrongfully

turned over this information to your client," GoSMILE. A copy of this letter is annexed as Exhibit C.

12. Mr. Fitzgerald responded by email the following day, without denying that the complaint was based, in part, upon stolen confidential documents, but representing that his firm had "taken care" to shield the stolen documents in GoSMILE's counsel's possession from GoSMILE, and that "[o]ur client has not seen them and won't, pending agreement or court order permitting them to be shared." A copy of this email is annexed as Exhibit D.

13. On July 27, 2009, in response to a request for document production by Dr. Levine in the State Court Action, GoSMILE produced to Dr. Levine, among other things, confidential documents it had received from Ms. French (the "French Documents").

14. In May, 2010, a confidentiality stipulation and order was so-ordered by Justice Ramos in the State Court Action. Among other things, the confidentiality stipulation and order provides that a party has 15 days after receiving confidential documents produced by the other party to notify all counsel after receipt of those documents that such documents are to be deemed confidential.

15. I understand that GoSMILE has asserted the position that since Dr. Levine in the State Court Action did not designate French Documents as confidential pursuant to the confidentiality stipulation and order, the French Documents may be publicly disclosed. We did not explicitly provide notice under the confidentiality stipulation and order that the French Documents should be treated as confidential within 15 days of receipt because the confidentiality stipulation and order was not in place when the French Documents were produced on July 27, 2009. Additionally, counsel for GoSMILE had agreed in writing that it would "shield all Levine and Levine P.C. documents in our possession from GoSmile. Our client has not seen them and

won't pending agreement or court order permitting them to be shared." There has been no agreement or court order permitting the French Documents to be shared. There was no need to serve formal notice a year later after entering the confidentiality order to add that the French Documents that GoSMILE had already agreed to keep confidential were also confidential under the confidentiality stipulation and order.

16. Moreover, in the summer of 2010, I participated in several "meet and confers" with counsel for GoSMILE concerning discovery issues in the State Court Action after the May 2010 confidentiality stipulation and order was entered. During those discussions, counsel for GoSMILE acknowledged its prior commitment to shield the French Documents from its client, GoSMILE, and represented that it had not – to date – shared any of the French Documents with GoSMILE.

17. To wit, on September 2, 2010, I wrote to counsel for GoSMILE that:

> [W]e are gravely concerned that you identify certain irrelevant documents stolen from Dr. Levine by Ms. French without acknowledging GoSMILE's prior agreement to take "care to shield all Levine and Levine P.C. documents in our possession from GoSMILE. Our client has not seen them and won't, pending agreement or court order permitting them to be shared." Please advise me immediately if you have allowed anyone outside of GoSMILE's counsel from viewing any of the [French Documents].

A copy of my September 2, 2010 letter to GoSMILE's counsel is annexed as Exhibit E hereto.

18. When GoSMILE's counsel did not substantively respond, I followed up with an email to GoSMILE's counsel on September 13, 2010, asking again "[c]an you please let me know if anyone outside of GoSMILE's counsel has seen any of the [French Documents]?"

19. Counsel for GoSMILE responded that day, stating that:

> [W]e do not understand [your] unfounded conclusion that we have somehow engaged in wrong-doing with respect to documents provided to us by Leslie French. We are aware of the courtesy representation former counsel, Latham & Watkins, made to you

> that such documents would not be given to anyone at GO SMiLE pending an appropriate order of court. To our knowledge, that representation continues to be true.

A copy of the email exchange between me and counsel for GoSMILE is annexed as Exhibit F hereto.

20. Thus, GoSMILE's recent assertion that the French Documents are now part of the public record is directly contradicted by GoSMILE's position in September 2010, four months after the confidentiality stipulation and order was entered, where GoSMILE's counsel confirmed its prior representation that it would keep the French Documents secret, recognizing that the French Documents were of such a sensitive nature that it would not even share such documents with its own client.

21. Additionally, in the State Court Action, Justice Ramos issued a protective order dated October 22, 2010, protecting from disclosure in that action documents containing trade secrets. A copy of that order is annexed as Exhibit G.

22. On January 13, 2011, GoSMILE produced in the State Court Action a joint defense agreement it had entered into with Leslie French, despite the fact that she is not a party in the State Court Action. GoSMILE also confirmed that they have not entered into a joint defense agreement with Suzanne Della Pella.

Dated: January 17, 2011

_____
JOSHUA S. KRAKOWSKY