UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GO SMiLE, INC., a Delaware Corporation,

Plaintiff,

-against-

DR. JONATHAN B. LEVINE, D.M.D. P.C., a New York corporation, and DR. JONATHAN B. LEVINE, an individual,

Defendants.

**ECF CASE**

Docket No. 10 CV 8663 (PKC)

**MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO STRIKE AND FOR PRECLUSION**

**Flemming Zulack Williamson Zauderer LLP**
**One Liberty Plaza**
**New York, New York 10006**
**(212) 412-9500**

# Table of Contents

Page(s)

Table of Authorities ........ ii

PRELIMINARY STATEMENT ........ 1

ARGUMENT ........ 2

I. GO SMiLE'S REPLY PAPERS SHOULD NOT BE STRICKEN BECAUSE DEFENDANTS HAVE NOT SUFFERED ANY PREJUDICE ........ 2

II. NO PRECLUSION ORDER SHOULD BE ENTERED WITH REGARD TO THE FRENCH DOCUMENTS BECAUSE GO SMiLE PLAYED NO ROLE IN PROCURING THEM FROM DR. LEVINE AND, ADDITIONALY, BECAUSE THE DOCUMENTS WERE CALLED FOR (AND WERE VIRTUALLY ALL PRODUCED BY DEFENDANTS) IN RESPONSE TO GO SMiLE'S RULE 34 REQUESTS ........ 3

CONCLUSION ........ 7

**Table of Authorities**

**Cases** **Page(s)**

Madanes v. Madanes,
186 F.R.D. 279 (S.D.N.Y. 1999) ... 3, 5, 7

Pure Power Boot Camp v. Warrior Fitness Boot Camp,
587 F. Supp. 2d 548 (S.D.N.Y. 2008) ... 6

Schlaifer Nance & Co., Inc. v. Estate of Warhol,
742 F. Supp. 165 (S.D.N.Y. 1990) ... 4

Shanahan v. Vallet,
2006 WL 3317018 (S.D.N.Y. Nov. 15, 2006) ... 3

**Statutes**

18 U.S.C. § 1030 ... 6

18 U.S.C. § 2701 ... 6

## PRELIMINARY STATEMENT

Plaintiff GO SMiLE, Inc. ("GO SMiLE") respectfully submits this memorandum in opposition to defendants' motion to strike GO SMiLE's reply papers on its motion for a preliminary injunction and to preclude GO SMiLE's use of documents obtained by its counsel from Ms. Leslie French (the "French Documents").

Defendants' motion, which seeks to hide from judicial consideration critical evidence and significant legal arguments, speaks volumes. It suggests strongly that defendants would prefer not to have this preliminary injunction application decided on the merits. As set forth more fully below, defendants' motion to strike GO SMiLE's reply should be denied; defendants have not and cannot establish that they have suffered any prejudice by virtue of GO SMiLE's filing of an oversize brief at approximately 3 a.m. on Saturday morning, January 8, a mere three hours after the expiration of the January 7 deadline.

Nor should the Court preclude GO SMiLE's use of the French Documents. In situations, like this, where a party seeking to utilize purportedly purloined documents neither misappropriated the documents itself nor induced nor facilitated the misconduct, the case law in this district makes clear that an order of preclusion is unwarranted. This is particularly true where, as here, the documents at issue are relevant, were expressly called for in Rule 34 document requests and, therefore, were properly discoverable in the litigation.

GO SMiLE is prepared to have this preliminary injunction application decided on the merits. We would have hoped that defendants would have been similarly prepared. For the foregoing reasons, and as set forth more fully below, defendants' motion should be denied in all respects.

## ARGUMENT

### I. GO SMiLE'S REPLY PAPERS SHOULD NOT BE STRICKEN BECAUSE DEFENDANTS HAVE NOT SUFFERED ANY PREJUDICE

Defendants' current motion to strike GO SMiLE's reply papers is defendants' second application for the very same relief. See letter from Kyle C. Bisceglie to Judge Castel, dated January 11, 2011, attached as Ex. 2 to Declaration of Heather J. Macklin, dated January 19, 2011 ("Macklin Decl."). The two bases for the application are: (a) that "GO SMiLE did not serve their reply papers until January 8, 2011 . . . [and that] having requested such an expedited schedule, GO SMiLE's noncompliance with the Court's Scheduling Order is audacious." (Moving Br. at 4)," and (b) the papers exceeded the page limitation set forth in Judge Castel's individual rules. Each of these will be addressed in turn.

**(a) Late Service**: We are disappointed that defendants saw fit to raise late service in the first place.[1] The emails transmitting the reply papers to defense counsel were sent between the hours of 3 a.m. and 5 a.m. on Saturday, January 8; they were due by midnight on January 7. See Ex. 5 to Macklin Decl. GO SMiLE does not dispute that the papers were served a few hours late, but at no point (including on this motion) have defendants claimed that someone was standing in eager anticipation by the computer during the wee hours of January 8 or that GO SMiLE's late service somehow hampered defendants' preparation for the preliminary injunction hearing.

**(b) Oversized Brief:** GO SMiLE's brief exceeded the page limit set by Judge Castel's Individual Rules of Practice; about this, there is no dispute. But as GO SMiLE's counsel noted

[1] Defendants' complaint that GO SMiLE served its moving papers "a day after the court-ordered deadline of December 20, 2010" (Moving Br. at 4), is even more regrettable. The filing confirmation issued by the SDNY ECF system reveals that those papers were filed at 12:08 a.m. and 12:30 a.m. on December 21 – eight and 30 minutes late, respectively. See Exs. 3 and 4 to Macklin Decl.

in its January 11, 2011 letter to the Court (Ex. 3 to Declaration of Kyle C. Bisceglie, dated January 17, 2011), counsel regretted having to serve an oversized brief, explained that the number of arguments raised by defendants necessitated an oversized brief, and candidly admitted that it would have preferred to file a substantially shorter brief but that, given the short three-day window to prepare the papers, counsel was unable to do so. GO SMiLE's Counsel then sought the Court's indulgence and requested that it accept the oversized reply brief.

To be sure, GO SMiLE would have preferred to file a shorter brief. This said, we submit that the enlarged filing has caused no prejudice to defendants. We again ask the Court to excuse the length of GO SMiLE's reply brief. We apologize for any inconvenience it may have caused the presiding judge or members of his chambers.

## II. NO PRECLUSION ORDER SHOULD BE ENTERED WITH REGARD TO THE FRENCH DOCUMENTS BECAUSE GO SMiLE PLAYED NO ROLE IN PROCURING THEM FROM DR. LEVINE AND, ADDITIONALY, BECAUSE THE DOCUMENTS WERE CALLED FOR (AND WERE VIRTUALLY ALL PRODUCED BY DEFENDANTS) IN RESPONSE TO GO SMiLE'S RULE 34 REQUESTS

In considering whether to preclude the use of evidence, courts in this district have held that whether the documents at issue were obtained improperly is but the beginning of the inquiry. Of critical importance is whether the party intending to offer the evidence played a role in securing or facilitating its improper procurement. See Shanahan v. Vallet, 2006 WL 3317018, at *2 (S.D.N.Y. Nov. 15, 2006) (denying plaintiff's motion to preclude use of documents obtained outside of the discovery process where "Defendants did not take the Document directly from [Plaintiff] or solicit it from a current [Plaintiff] employee in order to circumvent the protections afforded by the discovery process"); Madanes v. Madanes, 186 F.R.D. 279, 292 (S.D.N.Y. 1999) ("[W]here the party receiving the evidence was not involved in any wrongful conduct in securing

it, and where the evidence itself is not privileged, there is no basis for requiring the return of the information obtained or prohibiting its use"; held, return of improperly obtained documents not required); Schlaifer Nance & Co., Inc. v. Estate of Warhol, 742 F. Supp. 165, 166 (S.D.N.Y. 1990) ("Neither the Federal Rules of Civil Procedure nor [the] courts' inherent powers support an order prohibiting use of information innocently obtained from third parties without use of judicial process" where no evidence exists that a party improperly induced a third party to procure the information). In each of these cases, judges in this district permitted the use in litigation of misappropriate documents because there was no evidence that the offering party actively participated in or solicited the misconduct.

The foregoing analysis applies squarely to the present case. Even assuming that the French Documents were obtained improperly by Ms. French[2], nothing in defendants' papers suggests that GO SMiLE's counsel played any role in facilitating the purported misconduct. To the contrary, Heather Macklin, a partner in Barrack Ferrazano Kirshbaum & Nagelberg, the firm that represents GO SMiLE here and in the parallel action by GO SMiLE against Dr. Levine in New York State Supreme Court (the "State Court Action"), has declared under penalty of perjury that Ms. French approached counsel (not visa versa) and offered counsel documents that were already in her possession. Moreover, Ms. Macklin stated unequivocally that with respect to Suzanne della Pella, counsel received no documents or other substantive information from this

---

[2] The only "support" offered for defendants' claim of document misappropriation appears in the Declaration of Joshua S. Krakowsky, one of the attorneys of record in this case. But Mr. Krakowsky's pronouncement that "Ms. French was fired for incompetence and malfeasance, and Ms. della Pella was fired for stealing Defendants' confidential information" (¶ 3), is rank hearsay. Moreover counsel's summary of a forensic analysis performed by an "expert" on Dr. Levine's computer system that purports to substantiate the claims of theft is also hearsay. The fact that Mr. Krakowsky attaches a copy of the expert's forensic analysis to his declaration (the first time any such analysis has been produced in either this or the State Court Action) is, we submit, of no moment. The analysis takes the form of an unsworn statement, and defendants never produced the report on January 4, 2011, the deadline in this case for the exchange of expert reports. Finally, to date, defendants have never made the computer hardware analyzed by its expert available for inspection by GO SMiLE's own expert.

former Levine employee. Macklin Decl., ¶ 9.

At most, defendants have posited that Leslie French and Suzanne della Pella -- not GO SMiLE -- misappropriated the French Documents; they cannot claim credibly that GO SMiLE either encouraged or facilitated the misconduct. See Macklin Decl., ¶¶ 4-7. Under these circumstances and in the words of the Southern District, defendants have "fail[ed] to draw the necessary distinction between a party that actively secures evidence...and one that passively received evidence from a questionable source." See Madanes, 186 F.R.D. at 292 (denying defendants' application for return of the documents disclosed to plaintiff and for sanctions because "there is no evidence that [plaintiff] actively solicited the disclosure."). Preclusion is therefore not justified.

We respectfully submit that the manner in which counsel for GO SMiLE has comported itself in both this and the State Court Action with respect to the French Documents only serves to underscore its high level of professional integrity. For example:

- In the State Court Action, GO SMiLE's counsel represented in writing, and at several points, that it would not share the French Documents with its client. Krakowsky Decl., ¶¶ 12, 15, 16, and 19.
- Even at this late date, the French Documents have not been shared with GO SMiLE. Macklin Decl., ¶ 7;
- The manner in which counsel for GO SMiLE sought to serve and file its reply papers exceeded their obligations under the operative protective order in this case. Despite the fact GO SMiLE's counsel had not yet received the vast majority of defendants' production and that defendants had not designated the French Documents produced by GO SMiLE as "confidential" in either this

action or in the State Court Action, Wendi Sloane, lead counsel for GO SMiLE, reached out to Kyle Bisceglie at approximately 7 p.m. on the night the papers were due, advised counsel that portions of the French Documents were included among the reply papers and coordinated with Mr. Bisceglie to ensure that these as-yet undesignated documents could be reviewed by defense counsel prior to filing so that he could consider a possible motion to seal.

The only case cited by defendants in support of preclusion is readily distinguishable. In Pure Power Boot Camp v. Warrior Fitness Boot Camp, the party attempting to use the improperly obtained document was actually the perpetrator of the misappropriation. 587 F. Supp. 2d 548, 551 (S.D.N.Y. 2008). This is simply not the case here. And defendants' reference to provisions of certain federal criminal laws is equally unavailing; by their terms, both of the statutes cited, 18 U.S.C. § 2701 et seq. and 18 U.S.C. § 1030 et seq., seek to penalize the actual misappropriator, not someone who receives documents that may have been misappropriated.

But GO SMiLE's use of the French Documents should not be precluded for an additional reason. Given that they pertain to the development and evolution of the GLO trademarks at issue in this case, they were responsive to several of GO SMiLE's document requests, and GO SMiLE was entitled to have the documents produced to them. See, e.g., Plaintiff's First Set of Document Requests, dated December 20, 2010 (attached to Macklin Decl. as Ex. 6), at Document Request Nos. 2, 3, 4, and 5. The fact that the documents are relevant to the lawsuit; responsive to properly served document demands (as tacitly conceded by defendants by virtue of their production of the majority of the French Documents[3] (Macklin Decl., ¶ 11)); and otherwise

[3] The French Documents that bear Bates Nos. GS 00001-14, GS 00027-28, GS 00034-42, and GS 00161-168 are unquestionably responsive to GO SMiLE's demand (i.e., they relate specifically to the development of the GLO trademarks) but were **not** produced by defendants in response to GO SMiLE's discovery demands. The failure to produce these highly incriminating documents compels GO SMiLE to question why they were not produced, and

subject to production militates further against preclusion. Accord Madanes, 186 F.R.D. at 292 (denying the return of improperly obtained documents where "the passive recipient of non-privileged material would be deprived of information to which she would otherwise be entitled through the discovery process.").

To summarize: because GO SMiLE did not facilitate or instigate the misappropriation of any documents; counsel for GO SMiLE has taken all reasonable steps to shield the documents from their client's review; and defendants themselves have recognized the documents' relevance and have produced them in this litigation, we respectfully submit that preclusion is inappropriate.

## CONCLUSION

For all of the foregoing reasons, GO SMiLE respectfully requests that defendants' motion to strike GO SMiLE's reply papers on its motion for a preliminary injunction and to preclude GO SMiLE's use of the French Documents be denied in its entirety.

Dated: New York, New York
January 19, 2011

FLEMMING ZULACK WILLIAMSON
ZAUDERER LLP

By: /s/
Jonathan D. Lupkin
Anne B. Nicholson
One Liberty Plaza
New York, NY 10006
(212) 412-9500

*Attorneys for Plaintiff*

---

whether the non-production was intentional or inadvertent. In any event, since GO SMiLE's counsel received the documents from Ms. French, the non-production has not caused GO SMiLE to suffer any prejudice.