Mark C. Zauderer
Jonathan D. Lupkin
FLEMMING ZULACK WILLIAMSON ZAUDERER LLP
One Liberty Plaza, 35th Floor
New York, NY 10006
(212) 412-9500
(212) 964-9200 (facsimile)
mzauderer@fzwz.com
jlupkin@fzwz.com

-and-

Wendi E. Sloane (*pro hac vice*)
Annaliese F. Fleming (*pro hac vice*)
Matthew F. Singer (*pro hac vice*)
BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP
200 West Madison Street, Suite 3900
Chicago, Illinois 60606
(312) 984-3100
(312) 984-3150 (facsimile)
wendi.sloane@bfkn.com
annaliese.fleming@bfkn.com
matthew.singer@bfkn.com

Attorneys for Plaintiff GO SMiLE, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
GO SMiLE, INC., a Delaware corporation,

                         Plaintiff,

- against -

DR. JONATHAN B. LEVINE, D.M.D. P.C.,
a New York Corporation; and DR. JONATHAN B. LEVINE, an individual,

                         Defendants.
------------------------------------------------------------------- x

ECF CASE

No. 10 CV 8663 (PKC)

**DECLARATION OF HEATHER J. MACKLIN**

HEATHER J. MACKLIN, hereby declares, under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1. I am a partner of Barack Ferrazzano Kirschbaum & Nagelberg LLP, ("BFKN") co-counsel with Flemming Zulack Williamson Zauderer LLP ("FZWZ") on behalf of Plaintiff GO SMiLE, Inc. ("GO SMiLE") in the above-captioned matter. I submit this declaration in opposition to defendant's motion to strike GO SMiLE's reply papers and to preclude the use of certain documents in this case.

**The French Documents**

2. In addition to functioning as counsel of record in this action, BFKN and FZWZ also serve as co-counsel to GO SMiLE in a parallel state court action against Dr. Levine, which is captioned *GoSMILE, Inc., D/B/A GO SMiLE, F/K/A GOSMILE Corporation v. Jonathan B. Levine, D.D.S.* (09-601148) (the "State Court Action"). At the heart of the State Court Action is the allegation that Dr. Levine, the co-founder and a former employee of GO SMiLE, violated his contractual non-compete obligations by engaging in the development, marketing, and branding of competitive oral care and teeth whitening products (including those at issue in this trademark infringement action) and that he did so by using confidential and proprietary information he wrongfully retained subsequent to his separation from the company, again in violation of his contractual obligations. See Amended Complaint, at ¶ 1 (A copy of GO SMiLE's Amended Complaint (without exhibits) in the State Court Action is annexed hereto as Exhibit 1).

3. Two sets of contracts -- a 2003 Non-Compete and a 2008 Consulting and Settlement Agreement that purports to supersede the earlier agreement -- are relevant to the dispute in the State Court Action. GO SMiLE alleges that Dr. Levine was actively in breach of the 2003 Non-Compete Agreement when he entered into the 2008 Agreements, thereby automatically causing a material breach of the 2008 Agreements, in which Dr.

2

Levine gave a fraudulent representation and warranty to GO SMiLE that he was not in breach of the 2003 Non-Compete Agreement.

4. BKFN took over the State Court Action from GO SMiLE's predecessor counsel, Latham & Watkins LLP in July 2009. At or around the time that GO SMiLE transferred the case to BFKN, we became aware that one of Dr. Levine's former employees, Leslie French, provided Latham & Watkins with a set of documents already in her possession and that were created during and after her employment tenure with Dr. Levine (the "French Documents").

5. Counsel for Dr. Levine asked our predecessor counsel, Latham & Watkins, not to share the French Documents with GO SMiLE, and Latham & Watkins agreed not to do so in writing.

6. In or around September 13, 2010, my firm was asked by Dr. Levine's counsel to confirm the fact that the French Documents were not disclosed to GO SMiLE. I did so by email dated September 13, 2010.

7. To the best of my knowledge, as of the date of this declaration, the French Documents have not been shared with GO SMiLE representatives in any context.[1]

8. Subsequent to my firm's retention, I became aware that another former employee of Dr. Levine, Suzanne della Pella, had information relevant to the prosecution

---

[1] On January 19, 2011, several of the French Documents were filed, unsealed, on the ECF system in connection with the Reply Papers that are the subject of this motion, along with unredacted versions of the reply brief and the Declaration of Wendi Sloane. Shortly before serving the Reply Papers, we advised defense counsel that we would be utilizing certain of the French Documents and offered counsel the opportunity to make a motion to seal. Defendants ultimately made a motion to seal, but did not seek sealing of all of the French Documents annexed to the reply papers. Defense counsel also declined to seek an order to seal unredacted versions of the reply brief and Sloane Declaration, even though those submissions paraphrased or referred to the French exhibits. Given the limited scope of defendants' motion, we assume that defendants have concluded that there is no legitimate basis to have these other documents filed under seal, and GO SMiLE therefore proceeded accordingly in order to insure that the Court would consider this material on its preliminary injunction application.

of the State Court Action. After several emails between my firm and both Ms. della Pella and her counsel (all of which have been produced to defendants), it was concluded that we would not be speaking substantively with Ms. della Pella about the information she claimed to have.

9. At no point did either our firm or, to my knowledge, FZWZ receive any documents or substantive information from Ms. della Pella or her counsel.

10. During the course of the State Court Action, in response to a specific request that we do so, we produced to Dr. Levine the French Documents (identified as Bates Nos. GS 00001 – 00168).

11. During the course of this proceeding, Defendants produced the same French Documents back to GO SMiLE (identified as Bates Nos. D0033321 – 0033455). Bates Nos. GS 00001-14, GS 00027-28, GS 00034-42, and GS 00161-168, however, were not included as part of defendants' production in this action.

**Additional Documents Relevant To This Motion**

12. Attached hereto as Exhibit 2 is a copy of a letter from Kyle C. Bisceglie to Judge Castel, dated January 11, 2011.

13. Attached hereto as Exhibit 3 is a copy of the SDNY ECF filing confirmation for GO SMiLE's moving papers, dated December 21, 2010 at 12:08 a.m.

14. Attached hereto as Exhibit 4 is a copy of the SDNY ECF filing confirmation for GO SMiLE's moving papers, dated December 21, 2010 at 12:30 a.m.

15. Attached collectively hereto as Exhibit 5 is a copy of e-mails containing GO SMiLE's reply papers for service, dated January 8, 2011 between the hours of 3 a.m. and 5 a.m.

16. Attached hereto as Exhibit 6 is a copy of GO SMiLE's First Set of Document Requests, dated December 20, 2010.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 19, 2011 in New York, New York.

_____
HEATHER J. MACKLIN