UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GO SMILE, INC., a Delaware Corporation,<br><br>                              Plaintiff,<br><br>                -against-<br><br>DR. JONATHAN B. LEVINE, D.M.D. P.C., a New York corporation, and DR. JONATHAN B. LEVINE, an individual,<br><br>                              Defendants. | Index No. 10 CV 8663 (PKC)(DCF) |

### DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS COUNTS I THROUGH V AND COUNT VIII OF THE COMPLAINT

                                                        OLSHAN GRUNDMAN FROME
                                                        ROSENZWEIG & WOLOSKY LLP
                                                        *Attorneys for Defendants*
                                                        Park Avenue Tower
                                                        65 East 55th Street
                                                        New York, New York 10022
                                                        (212) 451-2300

1216175-1

Table of Contents

Page

Preliminary Statement ................................................................................................................ 1

Argument ..................................................................................................................................... 2

    I      COUNTS II THROUGH V OF THE COMPLAINT SHOULD BE DISMISSED BECAUSE GOSMILE HAS NOT ALLEGED FACTS SUPPORTING A LIKELIHOOD OF CONFUSION .......................................... 2

           A.    The Court May Dismiss Counts II Through V Based Solely on Lack of Similarity Between GoSMILE's and Levine P.C.'s Marks .......... 2

           B.    GoSMILE's Marks and Levine P.C.'s Marks are Dissimilar ..................... 4

                  1.    The Court Should Compare the Parties' Actual Packaging and Products ................................................................................ 4

                  2.    GoSMILE's Marks and Levine P.C.'s Marks Are Not Similar ................................................................................................. 6

    II     GOSMILE'S ACPA CLAIM SHOULD BE DISMISSED BECAUSE GOSMILE HAS NOT ALLEGED DR. LEVINE HAD A BAD FAITH INTENT TO PROFIT ................................................................................................ 8

Conclusion .................................................................................................................................. 10

Defendants Dr. Jonathan B. Levine D.M.D. P.C. ("Levine P.C.") and Dr. Jonathan B. Levine ("Dr. Levine") (collectively "Defendants"), by their attorneys, Olshan Grundman Frome Rosenzweig & Wolosky LLP and Davidoff, Malito & Hutcher LLP, submit this reply memorandum of law in further support of their motion to dismiss Counts I through V and VIII of the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6).

Preliminary Statement

Defendants moved to dismiss Count I of the Complaint, for declaratory judgment. GoSMILE has agreed to voluntarily dismiss that count.  (Dkt # 69, GoSMILE Br. in Opp. to Motion to Dismiss, at 3)

GoSMILE has failed to state claims against Levine P.C. for trademark infringement and false designation of origin under the Lanham Act, and for unfair competition and trademark infringement under New York Law (Counts II through V).  Levine P.C's marks containing the word "GLO" are facially dissimilar to GoSMILE's alleged "GO-based" family of marks. Contrary to GoSMILE's contention, dismissal of GoSMILE's claim based on the facial dissimilarity between Levine P.C. and GoSMILE's marks is entirely appropriate, without consideration of the additional *Polaroid* factors.

GoSMILE also fails to state a claim against Dr. Levine under the Anticybersquatting Consumer Protection Act ("ACPA") ("Count VIII").  GoSMILE does not allege facts that would support a plausible claim that Dr. Levine registered and used the www.gosmileaesthetics.com in bad faith, as is required to state a claim under ACPA.

Accordingly, and as set out below, Counts II though V and Count VIII of the Complaint should be dismissed.

1216175-1

Argument

I

COUNTS II THROUGH V OF THE COMPLAINT SHOULD BE DISMISSED BECAUSE GOSMILE HAS NOT ALLEGED FACTS SUPPORTING A LIKELIHOOD OF CONFUSION

GoSMILE has not alleged facts that state claims against Levine P.C. for trademark infringement under the Lanham Act and New York law (Counts II and V), false designation of origin under the Lanham Act (Count III), and unfair competition under New York law (Count IV), because GoSMILE cannot, as a matter of law, demonstrate a likelihood of confusion between its trademarks and Levine P.C.'s trademarks. GoSMILE's trademarks and Levine P.C.'s trademarks are not similar, and thus GoSMILE's claims may be dismissed as a matter of law.

  A. The Court May Dismiss Counts II Through V Based Solely on Lack of Similarity Between GoSMILE's and Levine P.C.'s Marks

GoSMILE argues that the court must consider all eight *Polaroid* factors in deciding the motion to dismiss. GoSMILE is wrong. In a trademark infringement action, "dismissal under 12(b)(6) has . . . been found appropriate where parties' marks were so 'obviously dissimilar' on their faces as to 'overwhelm[] any possibility of confusion' among consumers, and render consideration of the remaining *Polaroid* factors superfluous." *Energy Intelligence Group, Inc. v. UBS Fin. Servs. Inc.*, No. 08 Civ. 1497(DAB), 2009 WL 1490603, at *7 (S.D.N.Y. May 22, 2009) (quoting *Le Book Publishing, Inc. v. Black Book Photography, Inc.*, 418 F.Supp.2d 305, 311 (S.D.N.Y. 2005).

Thus, in *Energy Intelligence Group*, the court dismissed a trademark infringement and unfair competition claim alleging likely confusion between plaintiff's mark and publication "International Oil Daily" and defendant's use of the mark "Daily Oil News" on its newsletter "UBS Investment Research - Daily Oil News." The court granted defendant's Rule 12(b)(6)

2

motion to dismiss because, among other things, the varying placement of the words used by the respective marks, the commercial presentation of the marks, and differing typefaces and styles rendered the marks "so dissimilar as to overwhelm any likelihood of confusion between the marks and render examination of the remaining *Polaroid* factors unnecessary." *Energy Intelligence Group*, 2009 WL 1490603 at *7.

GoSMILE's attempt to distinguish *Energy Intelligence Group* falls flat. While the court found that the mark was generic, and dismissed several claims for that reason, the finding that the mark was generic was not dispositive of the plaintiff's common law unfair competition claim. *Id.*, 2009 WL 1490603 at *6. That claim was dismissed under the *Polaroid* test, as the court found that the dissimilarity between the marks was so great that there was no likelihood of confusion, as a matter of law, rendering the additional *Polaroid* factors superfluous. *Id.*, 2009 WL 1490603 at *7

Similarly, in *Le Book Publishing*, Judge Lynch dismissed a trademark infringement case on the pleadings, because the obvious dissimilarity between plaintiff's "Le Book" and defendant's "The Black Book," and their respective styles and typefaces, "overwhelm[ed] any possibility of confusion." 418 F.Supp.2d at 311. GoSMILE's attempt to distinguish *Le Book Publishing* on the ground that it involved a non-protectable generic term as the only common element between the marks again misconstrues the decision. The trademark infringement claim was dismissed as a matter of law because of the cumulative dissimilarity of the marks, not because, as GoSMILE argues, the common word "book" is generic. *Id.* at 311-12.

Although the Second Circuit has not directly addressed the issue of whether a trademark infringement action may be dismissed upon a Rule 12(b)(6) motion where the dissimilarity between the marks overwhelms any likelihood of confusion, the Second Circuit has held that

3

summary judgment may be granted in a defendant's favor, and the similarity of the marks factor can be dispositive, where the marks "are so dissimilar that no question of fact is presented." *Nabisco, Inc. v. Warner-Lambert Co.*, 220 F.3d 43, 46 (2d Cir. 2000) (quoting *Resource Developers, Inc. v. Statue of Liberty-Ellis Island Found., Inc.,* 926 F.2d 134, 141 (2d Cir. 1991)).

The Second Circuit has also held that in the similar context of copyright infringement, a court may "resolve the question of substantial similarity as a matter of law on a Rule 12(b)(6) motion to dismiss." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 65 (2d Cir. 2010). The Second Circuit explained this was so because the issue of substantial similarity requires only "a visual comparison of the works," and where the works are before the court on a motion to dismiss, "the court has before it all that is necessary in order to make such an evaluation. *Id.* at 64 (internal citation omitted).

The same logic holds true in trademark infringement actions. As set forth in *Nabisco*, dissimilarity between two marks can be dispositive of a trademark infringement action. Where the two marks are before the court on the motion to dismiss, the court's visual comparison of the marks is all that is needed to dismiss the action.

B.  GoSMILE's Marks and Levine P.C.'s Marks are Dissimilar

A visual comparison of the GoSMILE's marks and Levine P.C.'s marks reveals the dissimilarity between the marks.

1.  The Court Should Compare the Parties' Actual Packaging and Products

In conducting a visual comparison of the parties' marks, Levine P.C. submits that it is appropriate on this motion to dismiss for the Court to examine the actual packaging and products that were submitted as exhibits at the preliminary injunction hearing held on January 20, February 16, and February 17, 2011. In connection with a motion to dismiss under Rule 12(b)(6), the Court generally may only consider "facts stated in the complaint or documents

4

1216175-1

attached to the complaint as exhibits or incorporated by reference." *Nechis v. Oxford Health Plans, Inc.,* 421 F.3d 96, 100 (2d Cir. 2005). However, the Court may consider a document not appended to the complaint if the document is "incorporated in [the complaint] by reference," or if the document is one "upon which [the complaint] *solely* relies and which is *integral to the complaint*." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (quoting *Cortec Industries, Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991), *cert. denied,* 503 U.S. 960 (1992)) (emphases added in *Roth*).

For example, in *Gottlieb Dev., LLC v. Paramount Pictures Corp.*, 590 F.Supp.2d 625 (S.D.N.Y. 2008), on a motion to dismiss a copyright and trademark infringement action alleging use of plaintiff's pinball machine in defendant's film without permission, Judge Chin considered the film itself, even though it was not attached to the complaint. The film was "referred to in the complaint and [was] integral to [plaintiff]'s claims," and therefore was "deemed incorporated into the complaint by reference" and was considered on the motion to dismiss. *Id.* at 626 n. 1

Here, the Complaint repeatedly references the parties' respective at-home teeth whitening products. (*See, e.g.*, Dkt. #1, Complaint ¶¶ 1, 3, 5, 6, 30, 31, 34-38). The Complaint attaches images of the packaging for GoSMILE's "SMILE WHITENING SYSTEM," (*id.* Ex. 3), and of the GoSMILE Light Device (*id.* Ex. 4) and its packaging (*id.* Ex. 5). Though the Complaint refers to Levine P.C.'s marks and products, the only images of Levine P.C.'s marks are printouts of websites dated November 16, 2010. (*Id.* Exs. 11-12).

GoSMILE's and Levine P.C.'s actual packaging and products were submitted as evidence during the three day preliminary injunction hearing. (Pl. Exs. 261A-261I, 262A-262C, Def. Exs. 109A-109K, 110-110F, 240-250, 252-261, 265-267, 269-70) It is undisputed that the samples that were submitted are accurate. Because the parties' actual products and packaging

5

are referenced repeatedly in the Complaint, the Court may consider them on the motion to dismiss, without converting the motion to one for summary judgment. *See Gottlieb*, 590 F.Supp.2d at 626 n. 1.

### 2. GoSMILE's Marks and Levine P.C.'s Marks Are Not Similar

Regardless of whether the Court considers only the descriptions of the marks in the Complaint and the images attached as exhibits to the Complaint, or also considers the actual packaging and products containing the marks, the conclusion should be the same: GoSMILE's marks and Levine P.C.'s marks are dissimilar.

GoSMILE asks the Court to compare its marks with Levine P.C.'s by considering only the purported similarities in sight, sound and meaning between the words "GO" and "GLO." This is not the correct test. Rather, "courts must analyze the mark's overall impression on a consumer, considering the context in which the marks are displayed and the totality of factors that could cause confusion among prospective purchasers." *Louis Vuitton Malletier v. Burlington Coat Factory Warehouse Corp.*, 426 F.3d 532, 537 (2d Cir. 2005); *see also Nabisco*, 220 F.3d at 47 ("in determining whether two marks are confusingly similar, we must 'appraise the overall impression created by . . . the context in which they are found and consider the totality of factors that could cause confusion among prospective purchasers.'") (quoting *Streetwise Maps, Inc. v. Vandam, Inc.*, 159 F.3d 739, 744 (2d Cir. 1998)).

As explained in Defendants' moving brief, GoSMILE's products and Levine P.C.'s products use starkly different typefaces and styles, which create vastly different and dissimilar overall commercial impressions. (Dkt #38, Defs.' Mem. of Law. in Support of Mot. to Dismiss, at 11-12) GoSMILE is silent on this point, effectively conceding that the overall impression of GoSMILE's and Levine P.C.'s marks are dissimilar.

6

Even under the test GoSMILE utilizes, looking only at the words "Go" and "Glo" in isolation from the surrounding words that comprise the parties' marks and from the overall commercial impression of the parties' packaging and products, there is no similarity. As Levine P.C. set out in its moving brief, the words "Go" and "Glo" do not have similar appearance, sound, or meaning. (Dkt #38, Defs.' Mem. of Law. in Support of Mot. to Dismiss, at 11-12)

The painstaking efforts GoSMILE takes to describe the purported similar sound of the two words merely demonstrate the futility of its efforts. (Dkt #69, Pl.'s Mem. of Law in Opp. to Mot. to Dismiss, at 11). GoSMILE relies on *Nikon Corp. v. Ikon Corp.*, 987 F.2d 91, 94 (2d Cir. 1993), which bears no similarity to this case. In *Nikon*, the only difference between the trademarks "Nikon" and "Ikon" was the letter "N" at the beginning of "Nikon." The Second Circuit observed, "[t]hat letter is easily obscured in statements such as 'This is an Ikon,' and 'This is a Nikon.'" *Id.* Here, the comparison is not between "Go" and "Glo" in isolation, but between "GoSMILE" or "Go" used with other words and "Glo" and "Glo" used with other words. Additionally, in *Nikon*, the court looked at how the products are displayed in commerce, like styling and packaging, while GoSMILE ignores everything about the marks except the words "Go" and "Glo" in isolation. *Id.* at 94-95.

Equally inapplicable is *Black & Decker Corp. v. Emerson Electric Co.*, 84 U.S.P.Q.2d (BNA) 1482, 1491, 2007 WL 894416 (TTAB Mar. 23, 2007), involving marks ending in "HOG" and "HAWG," which, unlike "Go" and "Glo," are different spellings of the same word, with the same meaning.

GoSMILE's singular focus on the purported similarities between the words "Go" and "Glo" ignores the legion of authority, cited in Defendants' moving brief, establishing that the

7

1216175-1

common use of same or similar words does not render two marks similar. (Dkt #38, Defs.' Mem. of Law. in Support of Mot. to Dismiss, at 10-11)

Because Levine P.C.'s marks are not similar to GoSMILE's marks, Counts II through V[1] of the Complaint should be dismissed.

II

## GOSMILE'S ACPA CLAIM SHOULD BE DISMISSED BECAUSE GOSMILE HAS NOT ALLEGED DR. LEVINE HAD A BAD FAITH INTENT TO PROFIT

GoSMILE fails to state a claim against Dr. Levine for violation of the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d) because the Complaint does not allege that Dr. Levine had a bad faith intent to profit from use of gosmileaesthetics.com.

GoSMILE concedes that in order to state a claim under ACPA it must allege facts supporting the conclusion that Dr. Levine had a bad faith intent to profit from the use of the allegedly offending domain name, gosmileaesthetics.com. (Dkt #69, Pl.'s Mem. of Law in Opp. to Mot. to Dismiss, at 17) GoSMILE argues it has done so by alleging that Dr. Levine (1) used an email address on the gosmileaesthetics.com domain name, (2) after his affiliation with GoSMILE ended, (3) with knowledge of GoSMILE's GO-based trademarks, (4) to send emails to businesses to market at-home teeth whitening products under GLO-based trademarks, including to customers of GoSMILE, and (5) Dr. Levine refused to transfer the domain name unless GoSMILE would grant him a full release of claims against him.. (*Id.*, citing Complaint ¶¶ 22-24)

GoSMILE's allegations are insufficient as a matter of law because they do not support the conclusion that Dr. Levine had a bad faith intent to profit from the use of the domain name

---

[1] GoSMILE has conceded that the only issue on the state law claims, Counts IV and V, is the same as on the federal claims, Counts II and III: whether GoSMILE has alleged facts supporting a conclusion of likely confusion. (Dkt #69, Pl.'s Mem. of Law in Opp. to Mot. to Dismiss, at 6)

8

1216175-1

gosmileaesthetics.com. The sole case GoSMILE cites, *E. Gluck Corp. v. Rothenhaus*, 585 F.Supp.2d 505, 520 (S.D.N.Y. 2008), is readily distinguishable. In *E. Gluck Corp.*, the plaintiff alleged that the defendant operated the domain name "with the intent to divert customers from [plaintiff]." *Id.* at 520. Importantly, the domain name at issue in *E. Gluck Corp.* was used to advertise and sell watches with a mark, "THE NOW WATCH," confusingly similar to plaintiff's "NOW" mark for watches. *Id.* at 510. By contrast, GoSMILE does not allege that Dr. Levine has used the gosmileaesthetics.com domain name to divert GoSMILE's customers and does not allege that he advertises and sells products using GLO-based trademarks on a gosmileaesthetics.com website. (Dkt #1, Complaint ¶¶ 22-24)

GoSMILE's attempt to distinguish *Lewittes v. Cohen*, No. 03 Civ. 189(CSH), 2004 WL 1171261, at *8 (S.D.N.Y. May 26, 2004), misses the mark. Though GoSMILE is correct that the domain name gosmileaesthetics.com does not contain Dr. Levine's name, Dr. Levine's registration of the domain name while he was affiliated with GoSMILE renders the allegation that he acted with bad faith entirely implausible. Moreover, as in *Lewittes*, there are no allegations that Dr. Levine "perpetrated the core activities that threaten to result in the 'paradigmatic harm that the ACPA was enacted to eradicate.'" *Lewittes*, 2004 WL 1171261, at *8 (quoting *Lucas Nursery v. Grosse*, 359 F.3d 806, 840 (6th Cir. 2004). Contrary to GoSMILE's contention, the absence of allegations that Dr. Levine sought to sell the domain name for financial gain, registered multiple websites for profit, or engaged in any other action that ACPA was designed to combat, renders GoSMILE's claim deficient.

GoSMILE's conclusory allegations that Dr. Levine had a bad faith intent to profit from the domain name gosmileaesthetics.com is insufficient, and the ACPA claim should be dismissed.

9

Conclusion

For the foregoing reasons, Defendants respectfully request that the Court enter an order dismissing with prejudice Counts One, Two, Three, Four, Five, and Eight of the Complaint.

Dated: New York, New York
March 4, 2011

OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP

By: /s/ Kyle C. Bisceglie
Kyle C. Bisceglie
Howard J. Smith
Joshua S. Androphy
*Attorneys for Defendants*
Park Avenue Tower
65 East 55th Street
New York, New York 10022
(212) 451-2300

and

DAVIDOFF MALITO & HUTCHER LLP
David Warren Denenberg
Joshua S. Krakowsky
Michael A. Adler
*Attorneys for Defendant*
605 Third Avenue
34th Floor
New York, NY 10158
(646) 428-3256