UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOSMILE, INC., a Delaware Corporation,<br><br>            Plaintiff,<br><br>   -against-<br><br>DR. JONATHAN B. LEVINE, D.M.D. P.C., a New York corporation, and DR. JONATHAN B. LEVINE, an individual,<br><br>            Defendants. | Index No. 10 CV 8663 (PKC)(DCF)<br><br>DECLARATION OF<br>KYLE C. BISCEGLIE |

   KYLE C. BISCEGLIE, declares under the penalties of perjury, pursuant to 28 U.S.C. § 1746 that:

   1.  I am a member of Olshan Grundman Frome Rosenzweig & Wolosky, LLP, attorneys for Dr. Jonathan B. Levine D.M.D. P.C. ("Levine P.C."), Dr. Jonathan B. Levine ("Dr. Levine"), GLO Science, LLC ("GLO Science,") and JBL Radical Innovations, LLC (collectively "Defendants"). I submit this declaration in support of Defendants' motion to seal documents submitted by plaintiff GoSMILE, Inc. ("GoSMILE") in connection with GoSMILE's motion to voluntarily dismiss the action, and in opposition to Defendants' motion for attorneys' fees.

   2.  GoSMILE has included in its papers documents that have been designated by Defendants as "Confidential" or "Attorneys Eyes Only" pursuant to the Stipulation and Order for the Production and Exchange of Confidential Information (the "Confidentiality Stipulation and Order") so-ordered by the Court (Docket No. 31). To protect Defendants against financial harm and serious competitive disadvantage, Exhibits 52, 53, 54, 55, 56, 57, 58, 59, 60, and 61 to the declaration of Wendi Sloane dated November 8, 2011, and all portions of GoSMILE's

1473227-1

memorandum of law dated November 8, 2011 discussing those exhibits, should be filed under seal.

### The Confidentiality Stipulation and Order

3.     On January 3, 2011, this Court so-ordered the Confidentiality Stipulation and Order.  Under the Confidentiality Stipulation and Order, either party may designate documents or information as "Confidential Information" or Attorneys Eyes Only Information," and may seek to have such documents or information filed under seal.  The non-moving party may not oppose the application.  (Docket No. 31,. ¶ 13)  The Court's addendum to the Confidentiality Stipulation and Order requires that any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 119-120 (2d Cir. 2006), and other controlling authority.  (*Id.* at p. 14)

4.     The parties wrote the court on November 7, 2011 advising that GoSMILE wished to attach to its papers in further support of its motion to voluntarily dismiss the action and in opposition to Defendants motion for attorneys' fees certain documents Defendants designated as "Confidential" or "Attorneys Eyes Only" pursuant to the Confidentiality Stipulation and Order. (Docket No. 100)  The parties proposed, and the Court ordered, that GoSMILE be permitted to serve its full papers on Defendants and send a courtesy copy to the Court on their due date, November 8, 2011, and that Defendants shall move for a sealing order by November 16, 2011. (*Id.*)

### The Confidential and Attorneys' Eyes Only Exhibits

5.     Exhibits 52, 53, 54, 55, 56, 57, 58, 59, 60, and 61 to the Declaration of Wendi Sloane are documents that were designated by Defendants as "Confidential" and/or "Attorneys'

Eyes Only," and contain confidential trade secret information. Public disclosure of these documents would cause financial harm and competitive disadvantage to Defendants. These documents should be filed under seal under the standards set forth in *Lugosch* and other controlling authority.

   6. Exhibit 52 is an email chain from December 2010 discussing Defendants' negotiations with HSN and QVC.

   7. Exhibit 53 is an email from September 2010 from Stacey Levine describing a meeting with Sephora's CEO and a discussion concerning Defendants' plans with QVC.

   8. Exhibit 54 is an email chain from October 2010 about Defendants' negotiations with QVC.

   9. Exhibit 55 is an email from December 2010 and documentation concerning QVC's quality assurance department testing of Defendants' products.

   10. Exhibit 56 is an email chain from December 2010 concerning production of Defendants' products.

   11. Exhibit 57 is an email chain from December 2010 containing and concerning Defendants' negotiations with QVC.

   12. Exhibit 58 is an email chain from December 2010 containing and concerning Defendants' communications with QVC regarding testing of Defendants' products.

   13. Exhibit 59 is an email chain from December 2010 concerning QVC placing a hold on the launch of Defendants' products.

   14. Exhibit 60 is an email chain from December 2010 containing and concerning Defendants' negotiations with HSN.

1473227-1

15. Exhibit 61 is an email chain from December 2010 containing and concerning Defendants' negotiations with HSN, and contains details of Defendants' pricing strategy.

16. These exhibits contain information about Defendants' business plans and forecasts, negotiation strategies, product development, costs, and budgets.

17. Public disclosure of these documents would place Defendants at severe risk of financial harm and competitive disadvantage by revealing their business strategies, financial cost and revenue projections, negotiation strategies with retailers, and branding and marketing strategies.

Dated: November 16, 2011

                                        /s/ Kyle C. Bisceglie
                                        KYLE C. BISCEGLIE

1473227-1