UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOSMILE, INC., a Delaware Corporation, | Index No. 10 CV 8663 (PKC)(DCF) |
| Plaintiff, | |
| -against- | |
| DR. JONATHAN B. LEVINE, D.M.D. P.C., a New York corporation, and DR. JONATHAN B. LEVINE, an individual, GLO SCIENCE, LLC, a Delaware Limited Liability Company, and JBL RADICAL INNOVATIONS, LLC, | |
| Defendants. | |

---

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SEALING ORDER

---

OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP
*Attorneys for Defendants*
Park Avenue Tower
65 East 55th Street
New York, New York 10022
(212) 451-2300

1472015-1

Table of Contents

Page

Preliminary Statement....................................................................................................................1

Statement of Facts.........................................................................................................................1

Argument .......................................................................................................................................2

          A.     The Standard of Review on a Motion to Seal ...............................................2

          B.     Exhibits 52, 53, 54, 55, 56, 57, 58, 59, 60, and 61 Should be Filed
                Under Seal.......................................................................................................3

Conclusion ....................................................................................................................................5

i

Preliminary Statement

In support of their motion to dismiss and in opposition to Defendants' motion for their attorneys' fees, GoSMILE has served, and intends to file, certain documents that were produced by Defendants in this action and designated as Confidential and/or Attorneys' Eyes Only, pursuant to the parties' Stipulation and Order for the Production and Exchange of Confidential Information (the "Confidentiality Stipulation and Order").  Public filing of the documents would harm Defendants' business by revealing their business strategies, financial cost and revenue projections, negotiation strategies with retailers, and branding and marketing strategies.

These harms outweigh the presumption of access to judicial documents outlined in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) and other controlling authority.  This is especially the case because the documents at issue only have minimal relevance to the action as a whole, and specifically to the issues to be determined on GoSMILE's motion to voluntarily dismiss the action and Defendants' motion for attorneys' fees. For these reasons, GoSMILE should be required to file Exhibits 52, 53, 54, 55, 56, 57, 58, 59, 60, and 61 to the Declaration of Wendi Sloane dated November 8, 2011, and all portions of GoSMILE's memorandum of law describing those Exhibits, under seal.

Statement of Facts

The parties wrote the court on November 7, 2011 advising that GoSMILE wished to attach to its papers in further support of its motion to voluntarily dismiss the action and in opposition to Defendants motion for attorneys' fees certain documents Defendants designated as "Confidential" or "Attorneys Eyes Only" pursuant to the Confidentiality Stipulation and Order. (Docket No. 100)  The parties proposed, and the Court ordered, that GoSMILE be permitted to serve its full papers on Defendants and send a courtesy copy to the Court on their due date,

1472015-1

November 8, 2011, and that Defendants shall move for a sealing order by November 16, 2011. (*Id.*)  GoSMILE agreed not to oppose Defendants' motion to seal.  (*Id.*)

Argument

A.      The Standard of Review on a Motion to Seal

There is a common law presumption in favor of access to "judicial documents" - those documents "relevant to the performance of the judicial function and useful in the judicial process."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States v. Amodeo (Amodeo I)*, 44 F.3d 141, 145 (2d Cir. 1995)).  "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance."  *Id.* (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1049 (2d Cir. 1995)).  "[A]fter determining the weight of the presumption of access, the court must 'balance competing considerations against it,'" including "'the privacy interests of those resisting disclosure.'"  *Id.* at 120 (quoting *Amodeo II*, 71 F.3d at 1050).

Additionally, there is a "qualified First Amendment right to attend judicial proceedings and to access certain judicial documents."  *Id.* at 124.

Nevertheless, "[w]hen litigation requires disclosure of trade secrets, the court may disclose certain materials only to the attorneys involved."  *In re New York Times Co. to Unseal Wiretap & Search Warrant Materials*, 577 F.3d 401, 410 n. 4 (2d Cir. 2008) (citing Fed. R. Civ. P. 26(c)(1)(G) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... requiring that a trade secret or other confidential research, development, or commercial information not be

2

revealed or be revealed only in a specified way....")).  "Notwithstanding the presumption of access under both the common law and the First Amendment, the documents may be kept under seal if 'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework so demand." *Lugosch*, 435 F.3d at 124.

Documents "may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Standard Inv. Chartered, Inc. v. Financial Industry Regulatory Authority, Ind.*, 347 Fed. Appx. 615, 616-17 (2d Cir. 2009) (quoting *Lugosch*, 456 F.3d at 120).  Sealing is justified where disclosure of documents would subject a party to "financial harm" or could cause a party "significant competitive disadvantage." *Id.* at 617.

"[W]hen a district court ... considers a request to seal a file or to approve or take other protective measures, it enjoys considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed in our courts." *Geller v. Branic Intern. Realty Corp.,* 212 F.3d 734, 738 (2d Cir. 2000)

### B.  Exhibits 52, 53, 54, 55, 56, 57, 58, 59, 60, and 61 Should be Filed Under Seal

This litigation involves a dispute between two private parties, and documents at issue address internal and highly-specific trade issues in the teeth whitening business.  They do not stab at the heart of the public's right to access.  More importantly, public disclosure of these exhibits would place Defendants at risk of severe financial harm and competitive disadvantage.  The documents include, among other things, Defendants' business strategies, financial cost and revenue projections, negotiation strategies with retailers, and branding and marketing strategies.

Exhibit 52 to the Declaration of Wendi Sloane is an email chain from December 2010 concerning Defendants' negotiations with HSN and QVC.  Exhibit 53 is an email from September 2010 from Stacey Levine describing a meeting with Sephora's CEO and a discussion

3

1472015-1

concerning Defendants' plans with QVC.  Exhibit 54 is an email chain from October 2010 about Defendants' negotiations with QVC.  Exhibit 55 is an email from December 2010 and documentation concerning QVC's quality assurance department testing of Defendants' products. Exhibit 56 is an email chain from December 2010 concerning production of Defendants' products.

Exhibit 57 is an email chain from December 2010 containing and concerning Defendants' negotiations with QVC.  Exhibit 58 is an email chain from December 2010 containing and concerning Defendants' communications with QVC regarding testing of Defendants' products. Exhibit 59 is an email chain from December 2010 concerning QVC placing a hold on the launch of Defendants' products.  Exhibit 60 is an email chain from December 2010 containing and concerning Defendants' negotiations with HSN.  Exhibit 61 is an email chain from December 2010 containing and concerning Defendants' negotiations with HSN, and contains details of Defendants' pricing strategy.

These exhibits reveal information about Defendants' business plans and forecasts, negotiation strategies, product development, costs, and budgets.  Revealing such information would place Defendants at a significant competitive disadvantage.  Disclosure would hamper Defendants ability to compete on fair ground with other producers of teeth whitening products. It would also place them at disadvantage in their negotiations with retailers.  These interests justify sealing of Exhibits 52, 53, 54, 55, 56, 57, 58, 59, 60, and 61.  *See Standard Inv. Chartered*, 347 Fed. Appx. at 617 (affirming sealing of documents where public disclosure would reveal party's financial data and negotiations tactics).

Furthermore, Exhibits 52, 53, 54, 55, 56, 57, 58, 59, 60, and 61 are only minimally relevant to the substance of GoSMILE's motion to voluntarily dismiss the action and

1472015-1

Defendants' motion for attorneys' fees, and are not likely to be central to the Court's resolution of the motions. Each of the documents is only cited once in GoSMILE's brief. Because Exhibits 52, 53, 54, 55, 56, 57, 58, 59, 60, and 61 will likely only play "a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." *Standard Inv. Chartered*, 347 Fed. Appx. at 617 (quoting *Amodeo II*, 71 F.3d at 1050).

Moreover, Defendants motion to seal is narrowly tailored to protect only those documents that contain sensitive information. Defendants do not request that the numerous other exhibits submitted by GoSMILE on this motion that were designated as "Confidential" or "Attorneys' Eyes Only" be sealed. Defendants only request sealing for those documents for which sealing is absolutely necessary to protect Defendants' sensitive business information.

<u>Conclusion</u>

Based on the foregoing, Defendants respectfully request that the Court order that Exhibits 52, 53, 54, 55, 56, 57, 58, 59, 60, and 61 to the Declaration of Wendi Sloane dated November 8, 2011, and all portions of GoSMILE's memorandum of law dated November 8, 2011 describing those Exhibits, be filed under seal.

1472015-1

Dated: New York, New York
       November 16, 2011

                                        OLSHAN GRUNDMAN FROME
                                        ROSENZWEIG & WOLOSKY LLP


                                        By:   /s/ Kyle C. Bisceglie
                                              Kyle C. Bisceglie
                                              Howard J. Smith
                                              Joshua S. Androphy
                                              *Attorneys for Defendants*
                                              Park Avenue Tower
                                              65 East 55th Street
                                              New York, New York 10022
                                              (212) 451-2300

6

1472015-1