UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOSMILE, INC., a Delaware corporation, | |
| Plaintiff, | Case No. 10 Civ 8663 (PKC) |
| vs. | DECLARATION OF WENDI E. SLOANE |
| DR. JONATHAN B. LEVINE, D.M.D. P.C., a New York Corporation; DR. JONATHAN B. LEVINE, an individual, GLO SCIENCE LLC, a Delaware Limited Liability Company, and JBL RADICAL INNOVATIONS, LLC, | |
| Defendants. | |

WENDI E. SLOANE, hereby declares, under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1. I am a member of Barack, Ferrazzano, Kirschbaum & Nagelberg, LLP, attorneys for plaintiff GO SMiLE, Inc. ("GO SMiLE or Plaintiff"). I submit this declaration in support of Plaintiff's motion to seal documents submitted by defendants Dr. Jonathan B. Levine D.M.D. P.C., Dr. Jonathan B. Levine, GLO Science, LLC and JBL Radical Innovations, LLC (collectively "Defendants") in connection with Defendants' reply memorandum in further support of its motion for attorneys' fees.

2. Defendants have included in their papers a document that has been designated by GO SMiLE as "Attorneys Eyes Only" pursuant to the Stipulation and Order for the Production and Exchange of Confidential Information (the "Confidentiality Stipulation and Order") so-ordered by the Court. (Docket No. 31). To protect GO SMiLE against severe financial harm and competitive disadvantage among

its competitors, Exhibit D to the declaration of Kyle C. Bisceglie dated November 16, 2011, should be filed under seal.

3. On January 3, 2011, this Court so-ordered the Confidentiality Stipulation and Order. Under the Confidentiality Stipulation and Order, either party may designate documents or information as "Attorneys Eyes Only" information, and may seek to have such documents or information filed under seal. The non-moving party may not oppose the application. (Docket No. 31, ¶ 3). The Court's addendum to the Confidentiality Stipulation and Order requires that any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 119-20 (2d Cir. 2006), and other controlling authority. (Confidentiality Stipulation and Order, Docket No. 31, p. 14).

4. The parties wrote the court on November 15, 2011 advising that Defendants wished to attach to its papers in further support of its motion for attorneys' fees, a document GO SMiLE designated as "Attorneys Eyes Only" pursuant to the Confidentiality Stipulation and Order. (Docket No. 101). In their letter to the court, the Parties proposed, and the Court ordered, that Defendants be permitted to serve its full papers on GO SMiLE and send a courtesy copy to the Court on their due date, November 16, 2011, and that GO SMiLE would move for a sealing order by November 30, 2011. (Docket No. 101).

5. Exhibit D to the Declaration of Kyle C. Bisceglie is a document that was designated by GO SMiLE as "Attorneys Eye Only," and contains confidential trade secret information. It is a report from GO SMiLE's public relations firm to GO SMiLE's CEO, Vice President of Sales, and members of its marketing division, dated

January 7, 2010. The report concerns GO SMiLE's then-current and future business strategies developed by GO SMiLE and its public relations firm. The report details the placement of GO SMiLE products in various magazines, television shows, internet blogs and other media outlets. The report also describes GO SMiLE's long-term business strategies.

6. Public disclosure of Exhibit D would cause financial harm and competitive disadvantage to GO SMiLE. This document should therefore be filed under seal under the standards set forth in *Lugosch* and other controlling authority.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Chicago, Illinois on November 30, 2011.

                                                  /s/ Wendi E. Sloane
                                                     Wendi E. Sloane