FLEMMING ZULACK
  WILLIAMSON ZAUDERER LLP
Mark C. Zauderer
Jonathan D. Lupkin
One Liberty Plaza
New York, New York  10006
Tel.: (212) 412-9500
Fax: (212) 964-9200
jlupkin@fzwz.com
mzauderer@fzwz.com

-and-

BARACK FERRAZZANO
  KIRSCHBAUM & NAGELBERG LLP
Wendi E. Sloane (*pro hac vice*)
Annaliese F. Fleming (*pro hac vice*)
200 West Madison Street
Suite 3900
Chicago, Illinois 60606
Tel.: (312) 984-3100
Fax: (312) 984-3150
wendi.sloane@bfkn.com
annaliese.fleming@bfkn.com
matthew.singer@bfkn.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOSMILE, INC., a Delaware corporation,<br><br>　　　　　　Plaintiff,<br><br>　　　　　vs.<br><br>DR. JONATHAN B. LEVINE, D.M.D. P.C., a New York Corporation;<br>DR. JONATHAN B. LEVINE, an individual, GLO SCIENCE LLC, a Delaware Limited Liability Company, and JBL RADICAL INNOVATIONS, LLC,<br><br>　　　　　　Defendants. | Case No. 10 Civ 8663 (PKC) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SEALING ORDER**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................... 1

I.     FACTS ................................................................................................................... 1

II.    ARGUMENT ......................................................................................................... 2

ARGUMENT .................................................................................................................... 2
    A.  The Standard of Review on a Motion to Seal .................................................. 2
    B.  Exhibit D Should be Filed Under Seal ............................................................ 4

CONCLUSION .................................................................................................................. 5

## PRELIMINARY STATEMENT

In support of their reply memorandum on their motion for attorneys' fees, Defendants have served, and intend to file a document that was produced by GO SMiLE in this action and designated as Attorneys Eyes Only, pursuant to the parties' Stipulation and Order for the Production and Exchange of Confidential Information (the "Confidentiality Stipulation and Order"). Public filing of the document would harm GO SMiLE by revealing its confidential business strategies to competitors, including Defendants in this case.

The harm posed by disclosure of this document outweighs the presumption of access to judicial documents outlined in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) and other controlling authority. The document is only tangentially related to the action as a whole, and to the specific issue to be determined on Defendants' motion for attorneys' fees. For these reasons, Defendants should be required to file Exhibit D to the Declaration of Kyle C. Bisceglie dated November 16, 2011, under seal.

### I. FACTS

The parties notified this court in a letter on November 15, 2011 that Defendants wished to attach to its reply papers in further support of its motion for attorneys' fees a document GO SMiLE has designated as "Attorneys Eyes Only" pursuant to the Confidentiality Stipulation and Order. (Docket No. 101). The parties proposed, and the Court ordered, that Defendants be permitted to serve its full papers on GO SMiLE and send a courtesy copy to the Court on their due date, November 16, 2011, and that GO

1

SMiLE would move for a sealing order by November 30, 2011. (*Id.*). Defendants agreed not to oppose GO SMiLE's motion to seal. This process was identical to that agreed to by the parties, and ordered by the court, to address the disclosure of certain confidential documents in GO SMiLE's motion to dismiss and in opposition to Defendants' motion for attorneys' fees.

## II. ARGUMENT

### A. THE STANDARD OF REVIEW ON A MOTION TO SEAL

In *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006), the Second Circuit established a three-part test for determining when the common law presumption in favor of public disclosure is overcome by parties seeking nondisclosure of documents in litigation. First, the court must decide the threshold issue of whether the documents in question constitute "judicial documents," which the court described as those documents "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119 (quoting *United States v. Amodeo (Amodeo I)*, 44 F.3d 141, 145 (2d Cir. 1995)). If the documents in question are judicial documents the court must determine the weight of the presumption in favor of disclosure, which depends on "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* Finally, the court must balance the competing interests favoring non-disclosure, which may include "the privacy interests of those resisting disclosure." *Id.* at 120. In *Lugosch*, the court also noted an accompanying qualified "First Amendment right to attend judicial proceedings and to access certain judicial documents." *Id.* (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)).

2

However, the Second Circuit has noted that "[w]hen litigation requires the disclosure of trade secrets," the court may limit the public's right to access the judicial proceedings. *See In re New York Times Co. to Unseal Wiretap & Search Warrant Materials*, 577 F.3d 401, 410 n. 4 (2d Cir. 2008) (citing Fed. R. Civ. P. 26(c)(1)(G) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including … requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way….")). "Notwithstanding the presumption of access under both the common law and the First Amendment, the documents may be kept under seal if 'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework so demand." *Lugosch*, 435 F.3d at 124.

Documents "may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Standard Inv. Chartered, Inc. v. Financial Industry Regulatory Authority, Ind.*, 347 Fed. Appx. 615, 616-17 (2d Cir. 2009) (quoting *Lugosch*, 456 F.3d at 120). Sealing is justified where disclosure of documents would subject a party to "financial harm" or could cause a party "significant competitive disadvantage." *Id.* at 617.

"[W]hen a district court … considers a request to seal a file or to approve or take other protective measures, it enjoys considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed in our courts." *Geller v. Branic Intern. Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).

### B. EXHIBIT D SHOULD BE FILED UNDER SEAL

Exhibit D to the Declaration of Kyle C. Bisceglie dated November 16, 2011, is a report from GO SMiLE's public relations firm to GO SMiLE's CEO, Vice President of Sales, and members of its marketing division, dated January 7, 2010. The report concerns GO SMiLE's then-current and future business strategies developed by GO SMiLE and its public relations firm. The report details the placement of GO SMiLE products in various magazines, television shows, internet blogs and other media outlets. The report also describes GO SMiLE's long-term business strategies. Exhibit D has been designated by GO SMiLE as "Attorneys Eyes Only."

This litigation involves a dispute between two private parties, who are also competitors in the teeth whitening business. The document in question addresses internal and highly-specific trade issues in the teeth whitening business, namely the key business strategies as well as media outlet contacts of a successful teeth whitening company. It is not the type of document that stabs at the heart of the public's right to access. More importantly, public disclosure of this exhibit would place GO SMiLE at risk of severe financial harm and competitive disadvantage among its competitors in the teeth whitening business, including defendants in this proceeding. These interests justify sealing Exhibit D. *See Standard Inv. Chartered*, 347 Fed. Appx. at 617 (affirming sealing of documents where public disclosure would reveal party's financial data and negotiations tactics).

Furthermore, Exhibit D is only minimally relevant to the substance of Defendants' motion for attorneys' fees. Defendants cite to the exhibit only once, in referencing an ongoing dispute between the parties about the timing of certain press releases related to this litigation. The issue is not likely to be central to the Court's

4

resolution of the motion. Because Exhibit D will likely only play "a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." *Standard Inv. Chartered*, 347 Fed. Appx. at 617 (quoting *Amodeo II*, 71 F.3d at 1050).

Finally, GO SMiLE's motion to seal is narrowly tailored to protect only the single document in Defendants' motion that contains sensitive information. GO SMiLE is not requesting to seal the reference to Exhibit D in Defendants' memorandum, since it does not relate to the confidential nature of Exhibit D.

## CONCLUSION

Based on the foregoing, GO SMiLE respectfully requests that the Court order Exhibit D to the Declaration of Kyle C. Bisceglie dated November 16, 2011, be filed under seal.

Dated: November 30, 2011               Respectfully Submitted,

                                        BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG, LLP

                                        By:   /s Wendi E. Sloane
                                              Wendi E. Sloane, Esq.
                                              Annaliese F. Fleming, Esq.
                                              200 West Madison Street, Suite 3900
                                              Chicago, IL 60606
                                              Tel: (312) 984-3100
                                              Fax: (312) 984-3150
                                              Email: wendi.sloane@bfkn.com
                                              Email: annaliese.fleming@bfkn.com


                                              -and-

5

Mark C. Zauderer, Esq.
Jonathan D. Lupkin, Esq. (JL-0792)
FLEMMING ZULACK WILLIAMSON
ZAUDERER LLP
One Liberty Plaza, 35th Floor
New York, NY 10006
Tel: (212) 412-9500
Fax: (212) 964-9200
Email: mzauderer@fzwz.com
Email: jlupkin@fzwz.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing **Plaintiff's Memorandum of Law in Support of Motion for Sealing Order** was filed with the Clerk of the District Court for the Southern District of New York by ECF on November 30, 2011, and thereby served on all counsel of record registered therewith.

       /s Wendi E. Sloane
       Wendi E. Sloane