UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
GOSMILE, INC., a Delaware Corporation,

                     Plaintiff,

                                                          10 Civ. 8663 (PKC)

       -against-

                                                          MEMORANDUM
                                                          AND ORDER

DR. JONATHAN LEVINE, D.M.D. P.C., a
New York corporation, and DR. JONATHAN
B. LEVINE, an individual,

                    Defendants.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Plaintiff Go SMiLE, Inc. ("Go SMiLE") moves to dismiss its own complaint without prejudice, pursuant to Rule 41(a)(2), Fed. R. Civ. P. (Docket # 94.) The defendants argue that the motion should be granted only if the action is dismissed with prejudice. Separately, defendants move for an award of attorneys' fees. (Docket # 96.)

        For the reasons explained below, the plaintiff's motion is granted, and the complaint is dismissed without prejudice. The defendants' motion for attorneys' fees is denied.

        I.        Plaintiff's Motion Is Granted, and the Action Is Dismissed Without Prejudice.

        Plaintiff commenced this action on November 16, 2010, when it filed a complaint asserting trademark infringement claims under federal law and the law of the State of New York. (Docket # 1.) After an evidentiary hearing, this Court denied plaintiff's motion for a preliminary injunction, concluding that plaintiff had not, at that stage, satisfied the Polaroid factors for proving likelihood of consumer confusion. GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D.P.C., 769 F. Supp. 2d 630 (S.D.N.Y. 2011). Familiarity is assumed with that decision. Thereafter,

plaintiff filed an amended complaint, the defendants filed an answer, and discovery followed. (Docket # 81, 87, 88.)

Discovery is now closed, and plaintiff seeks to dismiss the action without prejudice. Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." It also provides that "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Id. If a defendant has asserted a counterclaim, the action may be dismissed "only if the counterclaim can remain pending for independent adjudication." Id. Defendants have not asserted a counterclaim. (Docket # 88, 91.)

As defendants note, voluntary dismissal without prejudice is "not a matter of right." Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990). A district court may convert a motion to dismiss without prejudice into a motion to dismiss with prejudice, provided that the movant has an opportunity to withdraw the motion. Gravatt v. Columbia Univ., 845 F.2d 54, 56 (2d Cir. 1988).

A court should not dismiss a complaint without prejudice if it would cause a defendant to "'suffer some plain legal prejudice other than the mere prospect of a second lawsuit.'" Kwan v. Schlein, 634 F.3d 224, 230 (2d Cir. 2011) (quoting Camilli v. Grimes, 436 F.3d 120, 123 (2d Cir. 2006)).[1] Defendants do not contend that they would suffer such prejudice here.

---

[1] Camilli observed that such a prejudice might arise if, for example, a defendant "is ready to pursue a claim against the plaintiff in the same action that the plaintiff is seeking to have dismissed." 436 F.3d at 124 (emphasis in original); see also In re Skinner & Eddy Corp., 265 U.S. 86, 93-94 (1924) (Taft, C.J.) ("The usual ground for denying a complainant in equity the right to dismiss his bill without prejudice at his own costs is that the cause has proceeded so far that the defendant is in a position to demand on the pleadings an opportunity to seek affirmative relief and he would be prejudiced by being remitted to a separate action.").

In Zagano, the Second Circuit affirmed the district court's denial of a motion to dismiss without prejudice. The motion had been filed a week before the scheduled trial, and the plaintiff apparently wished to dismiss her federal action in order to pursue nearly identical claims in a parallel state administrative proceeding. Id. at 12-13. Zagano recited five factors to weigh in a motion under Rule 41(a)(2):

> the plaintiff's diligence in bringing the motion; any 'undue vexatiousness' on the plaintiff's part; the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of the plaintiff's explanation for the need to dismiss.

Id. at 14; accord Kwan, 634 F.3d at 230. "These factors are not necessarily exhaustive and no one of them, singly or in combination with another, is dispositive." Kwan, 634 F.3d at 230.

Here, plaintiff asserts that, with the completion of discovery, it is now "satisfied" that defendants' marks have "minimize[d] the likelihood that consumers would be confused that the GLO-branded products were from the same source as GO SMiLE's GO- and GO SMiLE-branded products." (Docket # 94, ¶ 10.) Plaintiff states that it seeks dismissal without prejudice "in the event Defendants reverse course and, as a result, actual confusion arises in the marketplace." (Docket # 94, ¶ 11.) Plaintiff also proposes that each party "bear its own costs and attorneys' fees . . . ." (Docket # 94, ¶ 12.)

The defendants have not come forward with evidence or authority that warrants dismissal with prejudice, as opposed to dismissal without prejudice. First, defendants argue that the plaintiff "was not diligent in bringing this motion," and waited until extensive discovery had completed before seeking dismissal. (Opp. Mem. at 6-8.) A review of the procedural history illustrates that this action has been litigated aggressively but efficiently. The Court denied plaintiff's preliminary injunction motion on March 7, 2011, and, at a pretrial conference on April

8, issued a scheduling order that closed fact discovery by August 5 and expert discovery by September 9.  (Docket # 76, 81.)  The parties stipulated to coordinate discovery in this action with discovery in a state court dispute that has no bearing on the trademark claims here.  (Docket # 89.)  In a letter dated July 26, 2011, defendants requested that the discovery deadlines be extended by approximately one month, citing the need to review tens of thousands of documents prior to production.  (Docket # 92.)  The Court granted this request.  (Docket # 92.)  Finally, at a pretrial conference of September 16, this Court issued a schedule for the present motions.  (Minute Entry, 9/16/2011.)  In total, discovery lasted approximately five months, and approximately 10 months passed between the initiation of this lawsuit and the plaintiff's Rule 41 motion.

Defendants, however, contend that all relevant facts were known and available to the plaintiff prior to fact and expert discovery.  Defendants state that they had disclaimed any intention to use marks that could potentially infringe plaintiff's marks, specifically including a "GLO SMILE" mark that may have resembled the Go SMiLE marks.  (Opp. Mem. at 6-8.)  Defendants also note that their marks "did not materially change in any way" after the preliminary injunction hearing.  (Opp. Mem. at 8.)

The plaintiff was entitled to discovery in order to test the strength of its claims and to determine whether the record supported its allegations of infringement.  It is also relevant that discovery roughly overlapped with the defendants' entry into the teeth-whitening marketplace.  Plaintiff credibly asserts that it is satisfied by an absence of actual consumer confusion since the two products entered direct competition.  Ultimately, the fact that discovery did not unearth evidence of actual confusion, bad faith or defendants' use of infringing marks

does not, itself, support defendants' contention that the Rule 41(a)(2) motion was not diligently brought, or that discovery was unnecessary. (Opp. Mem. at 6-8.)

Similarly, while this litigation has been contentious, the defendants have not set forth a record of conduct so vexatious that plaintiff's motion should only be granted with prejudice. (Opp. Mem. at 9.) This also is not an instance, as in Zagano, 900 F.2d at 13, where plaintiff seeks to dismiss this action on the eve of trial for purposes of procedural gamesmanship.

Defendants finally contend the complaint should be dismissed with prejudice because, in the event that plaintiff wishes to bring a future infringement claim, it can file "a later suit based on new facts." (Opp. Mem. at 9.) While this may be true, Zagano warns against dismissal if it threatens a "duplicative expense of relitigation . . . ." 900 F.3d at 14. There is, moreover, a danger to plaintiff that any new claims would be embroiled in satellite litigation over whether they are barred by issue or claim preclusion.

As to the remaining factors set forth by Zagano, I conclude that the plaintiff has adequately explained the need to dismiss, and that the suit has not progressed so far that dismissal without prejudice would be imprudent.

For the foregoing reasons, the plaintiff's motion is granted, and this action is dismissed without prejudice under Rule 41(a)(2).

    II.    <u>Defendants' Motion for Attorneys' Fees is Denied.</u>

The Lanham Act states in relevant part: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). "Thus, in order to be entitled to attorneys' fees, the party must be the 'prevailing party' and the case must be 'exceptional,' or, in other words, involve fraud, bad faith, or willful infringement." Patsy's

Italian Rest., Inc. v. Banas, 658 F.3d 254, 268 (2d Cir. 2011).  Even in an exceptional case, the statute's use of the word "may" gives a court discretion to grant or deny a fee application.  Id.

I have reviewed the defendants' contentions as to why they believe that this action constitutes an exceptional case.  In essence, the defendants contend that the action was meritless from initiation, and was pursued primarily to embarrass and harass a competitor.  The Court need not summarize or recount the defendants' numerous iterations of this argument.

This was not an "exceptional" trademark dispute.  Defendants, like the plaintiff, market and sell a light-based tooth-whitening device.  See, e.g., 769 F. Supp. 2d at 635.  While, at the preliminary injunction stage, the Court concluded that the parties' marks were dissimilar, there was at least a superficial resemblance between the words "go" and "glo," the products both featured the color blue in their packaging and they were sold by the same and similar retailers.  Id. at 639-41.  Although the Court concluded that the marks were not similar under the Polaroid factor, id., that determination does not support the existence of fraud or bad faith amounting to an "exceptional" case.  Patsy's, 658 F.3d at 268.  Certain developments cited by the defendants – including media coverage, marketing delays, third-party discovery requests and the retention of an expert to survey actual confusion – are not "exceptional" in a trademark action.  Moreover, the Court's denial of the plaintiff's preliminary injunction motion did not, as the defendants appear to contend, render subsequent discovery inherently superfluous or vexatious.

I have reviewed the defendants' other arguments in support of this motion and conclude that they are baseless.

Defendants' motion for an award of attorneys' fees is denied.

CONCLUSION

Plaintiff's motion to dismiss the action without prejudice is GRANTED. (Docket # 94.) The Clerk is directed to enter judgment for the defendant.

The defendants' motion for an award of attorneys' fees is DENIED. (Docket # 96.) Each side bears its own costs.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       April 19, 2011