```
┌─────────────────────────────────────┐
│ USDS SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____                │
│ DATE FILED: 4-20-12                  │
└─────────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GOSMILE, INC., a Delaware Corporation,

                          Plaintiff,

                                                     10 Civ. 8663 (PKC)

            -against-

                                                     MEMORANDUM AND ORDER
                                                     ON SEALING

DR. JONATHAN LEVINE, D.M.D. P.C., a
New York corporation, and DR. JONATHAN
B. LEVINE, an individual,

                          Defendants.
------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

          Two motions to seal documents are pending in this action.  The first motion, which is filed by the defendants, moves to seal and redact certain of plaintiff's submissions in support of its motion to dismiss and in opposition to defendants' motion for attorneys' fees. (Docket # 102.)  The second motion, filed by plaintiff, moves to seal an exhibit submitted by defendants in support of their attorneys' fees motion.  (Docket # 105.)  Because these documents were immaterial to the Court's rulings on plaintiff's Rule 41(a)(2) motion and the defendants' attorneys' fees motion, and because they contain certain proprietary information, the motions are granted.

          There are both common-law and First Amendment presumptions of public access to judicial documents.  Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006).  A court first must determine whether the disputed materials are, in fact, judicial documents.  Id. at 119.  "[T]he item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document."

United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995). If the item qualifies as a judicial

document, the presumption of access may vary. Lugosch, 435 F.3d at 119. Certain submissions

directly affect adjudication, while others are irrelevant. Id. at 119-20. Courts also may weigh

the presumption of disclosure against "countervailing factors," including "the privacy interests of

those resisting disclosure." Id. at 120 (quotation marks omitted). "When litigation requires

disclosure of trade secrets, the court may disclose certain materials only to the attorneys

involved." In re New York Times Co., 577 F.3d 401, 410 n.4 (2d Cir. 2009) (in dictum).

   Exhibits 52, 53, 54, 55, 56, 57, 58, 59, 60, and 61 to the Declaration of Wendi

Sloane have no bearing on the motions to dismiss and for attorneys' fees. Each exhibit is an e-

mail chain that involves the defendants' discussions of launching their product on cable shopping

networks. The e-mails discuss matters such as the marketing strengths of the various networks,

pricing and sales targets, and the defendants' branding goals. These e-mails sometimes include

discussion of personal details irrelevant to this litigation, such as family illnesses and vacations.

Plaintiff apparently submitted these e-mails in an attempt to refute defendants' contention that

this litigation complicated their product launch, and argue that any delay was due to business

considerations. (Pl. Reply. Mem. at 16-17.) The Court did not weigh these documents in its

review of the parties' motions, considers them immaterial to the motions, and therefore does not

consider them to be judicial documents. Even if viewed as judicial documents, the presumption

of access is slight, and are outweighed by their proprietary nature and, to a more limited extent,

the privacy interests implicated by the correspondents' more personal discussions. See In re

New York Times Co., 577 F.3d at 410 n.4; Lugosch, 435 F.3d at 120. The defendants' motion is

therefore granted, and exhibits 52, 53, 54, 55, 56, 57, 58, 59, 60, and 61 to the Declaration of

Wendi Sloane may be filed under seal.  The plaintiff's memorandum of law discussing these documents may be redacted under heading 4 at pages 16 to 17.

Separately, the plaintiff moves to seal Exhibit D to the Declaration of Kyle C. Bisceglie, dated November 16, 2011.  This exhibit reflects plaintiff's public-relations activities in December, 2009 and certain public-relations plans for the first half of 2010.  While such material might be relevant and probative to a trademark-infringement analysis, particularly to any dispute over the strength of a mark, this exhibit was immaterial to the Court's order on attorneys' fees and the action's dismissal.  I therefore do not consider it to be a judicial document for the purpose of these motions, and the exhibit may be filed under seal.

CONCLUSION

The parties' sealing motions are GRANTED.  (Docket # 103, 105.)  The Clerk is directed to terminate the motions.

The parties are directed to file their motion papers on ECF in accordance with this Order within 14 days.

SO ORDERED.

P. Kevin Castel
United States District Judge


Dated: New York, New York
       April 19, 2011