UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GO SMILE, INC., a Delaware Corporation,<br><br>          Plaintiff,<br><br>    -against-<br><br>DR. JONATHAN B. LEVINE, D.M.D. P.C., a New York corporation, and DR. JONATHAN B. LEVINE, an individual, GLO SCIENCE, LLC, a Delaware Limited Liability Company, and JBL RADICAL INNOVATIONS, LLC,<br><br>          Defendants. | Index No. 10 CV 8663 (PKC)(DCF)<br><br>**DECLARATION OF<br>KYLE C. BISCEGLIE** |

    KYLE C. BISCEGLIE, declares under the penalties of perjury, pursuant to 28 U.S.C. § 1746 that:

    1.  I am a member of Olshan Grundman Frome Rosenzweig & Wolosky, LLP, attorneys for defendants Dr. Jonathan B. Levine D.M.D. P.C. ("Levine P.C."), Dr. Jonathan B. Levine ("Dr. Levine"), GLO Science, LLC ("GLO Science,") and JBL Radical Innovations, LLC (collectively "Defendants"). I submit this declaration in further support of Defendants' motion for attorneys' fees and costs, and to provide the Court with certain information and documents relevant to those two motions.

    2.  Annexed as Exhibit A is a true copy of a letter dated December 3, 2010 from GoSMILE's counsel to Defendants' co-counsel. The letter has been redacted to exclude the parties' settlement discussions.

    3.  Annexed as Exhibit B is a true copy of the letter dated December 9, 2010, from Defendants' co-counsel to GoSMILE's counsel.

1473822-1

4.      Annexed as Exhibit C is a true copy of GoSMILE's counsel's September 9, 2011 letter to the Court requesting a pre-motion conference.

5.      Annexed as Exhibit D is true a copy of a memo from Alison Brod Public Relations to GoSMILE titled "December 2010 GO SMiLE PR Report," noting that they "[e]xclusively pitched materials to New York Post."

Dated: November 16, 2011

s/ Kyle C. Bisceglie
KYLE C. BISCEGLIE

1473822-1

# EXHIBIT A

1173339-1

**BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP**

200 WEST MADISON, SUITE 200
CHICAGO, ILLINOIS 60606

Wendi E. Sloane
(312) 984-3166
wendi.sloane@bfkn.com

Telephone (312) 984-3100
Facsimile (312) 984-3150

**FOR SETTLEMENT PURPOSES ONLY**
**INADMISSIBLE UNDER F.R.E. 408**

December 3, 2010

**VIA EMAIL**

Michael A. Adler (MAA@dmlegal.com)
David W. Denenberg (DWD@dmlegal.com)
Joshua S. Krakowsky (JSK@dmlegal.com)
Davidoff Malito & Hutcher LLP
605 Third Avenue
New York, NY 10158

    Re:    GoSMILE, Inc. v. Levine,
              SDNY Docket No. 10 Civ. 8663 (PKC)

Dear Counsel:

**REDACTED**

      We were pleased to learn that Defendants have agreed to abandon the plan to use the trademark GLO SMILE WHITENING SYSTEM, which had previously appeared on the website www.jonathanblevine.com. We have also observed that the gloscience.com website has been changed, so that the "*GLO Brilliant Smile Whitening System*" reference has been changed to "*GLO Brilliant Personal Teeth Whitening Device.*" While the change from "*Smile Whitening System*" to "*Personal Teeth Whitening Device*" is a positive development, it does not resolve GoSMILE's claims in a satisfactory way.

**REDACTED**

669536_3.DOC

BARACK FERRAZZANO KIRSCHBAUM PERLMAN & NAGELBERG LLP

Michael A. Adler
David W. Denenberg
Joshua S. Krakowsky
December 3, 2010
Page 2

**REDACTED**

BARACK FERRAZZANO KIRSCHBAUM PERLMAN & NAGELBERG LLP

Michael A. Adler
David W. Denenberg
Joshua S. Krakowsky
December 3, 2010
Page 3

REDACTED

Sincerely,

*Wendi E. Sloane*

WES/aff

cc:    Leslie Faust (via email)
        Jonathan D. Lupkin (via email)
        Kimberly A. Pallen (via email)
        Annaliese F. Fleming
        Matthew F. Singer

# EXHIBIT B

1173339-1

# DAVIDOFF MALITO & HUTCHER LLP

NEW YORK
605 THIRD AVENUE
~~~W YORK, N.Y. 10158
(212) 557-7200

ATTORNEYS AT LAW
200 GARDEN CITY PLAZA
SUITE 315
GARDEN CITY, NEW YORK 11530

(516) 248-6400
FAX (516) 248-6422
WWW.DMLEGAL.COM

ALBANY
150 STATE STREET
ALBANY, N.Y. 12207
(518) 465-8230

WASHINGTON, D.C.
444 NORTH CAPITAL STREET, N.W.
WASHINGTON, D.C. 20001
(202) 347-1117

WRITER'S DIRECT: (516) 247-4440
E-MAIL: dwd@dmlegal.com

December 9, 2010

### BY EMAIL AND FIRST CLASS MAIL

Wendi E. Sloane, Esq.
Barack Ferrazzano Kirschbaum & Nagelberg LLP
200 West Madison - Suite 200
Chicago, IL 60606

   Re: **GoSMILE, Inc. v. Levine, et al**
      **SDNY Case No. 10-CIV-8663 (PKC)**

Dear Ms. Sloane:

  I write in response to your December 9, 2010 letter.

  Despite stating that you are puzzled by my noting that GoSMILE failed to respond to defendants' settlement proposal of December 1, 2010 and acknowledging my December 1, 2010 phone call and email, you once again failed to respond to the proposal. The Levine defendants' settlement proposal confirms that it is not and will not use GLO SMILE WHITENING SYSTEM and requests any basis for seeking injunctive relief and damages against defendants' use of the GLO trademarks. Once again, you did not set forth such basis.

  This office and the Levine defendants did not refuse to discuss any issue. Indeed, GoSMILE refuses to provide the basis for its apparent non-negotiable demands for all the relief sought in the complaint; namely, the Levine defendants discontinue use of the GLO trademarks. To demand all the relief sought in the complaint is certainly not conducive to a negotiated resolution of this matter. As a final point, I note that the trade secret information you seek is protected by Justice Ramos' protective order.

80071255.4

**DAVIDOFF MALITO & HUTCHER LLP**

Wendi E. Sloane
December 9, 2010
Page 2

      Thank you for your attention to this matter. Please call me if you have any questions or comments.

      Very truly yours,

      David W. Denenberg

DWD/lsh

cc:    Michael A. Adler, Esq.
       Dr. Jonathan B. Levine
       Jonathan D. Lupkin, Esq. (via email)
       Annaliese F. Fleming, Esq. (via email)

80071255.4

# EXHIBIT C

# BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP

200 WEST MADISON STREET, SUITE 3900
CHICAGO, ILLINOIS 60606

Wendi E. Sloane
(312) 984-3166
Voice Mail Ext. 4166
wendi.sloane@bfkn.com

Telephone (312) 984-3100
Facsimile (312) 984-3150

September 9, 2011

**BY FACSIMILE (212) 805-7949**
Honorable P. Kevin Castel
Daniel Patrick Moynihan
United States Court
500 Pearl Street
New York, NY 10021

Re:   *GO SMiLE, Inc. v. Dr. Jonathan B. Levine, D.M.D., P.C., et al.*,
      10-CIV-8663 (PKC)

Dear Judge Castel:

This firm represents plaintiff GoSMILE, Inc. ("GO SMiLE") in the above-referenced action. Pursuant to your Honor's Individual Practice 2.A., we write request a conference to discuss the following:

- GO SMiLE's contemplated motion under Rule 41(a)(2) of the Federal Rules of Civil Procedure to dismiss this complaint without prejudice, with each party to bear its own costs, and

- GO SMiLE's request, to which counsel for Defendants have consented, for a short extension of the September 15, 2011 discovery cut-off pending the outcome of GO SMiLE's contemplated Rule 41(a)(2) motion.

**A.   Circumstances Giving Rise to GO SMiLE's Contemplated Rule 41(a)(2) Motion.**

As this Court is familiar, this is an action for trademark infringement, which GO SMiLE filed on November 16, 2010. GO SMiLE markets premium teeth whitening and other oral care products under the trademark GO SMiLE and a family of 17 GO-prefixed trademarks that are not followed by the word "SMILE." Defendants adopted the trademark GLO and other GLO-prefixed trademarks for their line of premium teeth whitening products, which compete directly with GO SMiLE's products. Dr. Levine was the founder of GO SMiLE, and, until he sold his interest in the company, its prominent spokesperson.

Before the launch of Defendants' GLO-branded products, GO SMiLE moved for a preliminary injunction, and, after an evidentiary hearing, the Court denied the motion. **[ECF Docket No. 76, filed 03/07/11]**. Defendants filed a motion to dismiss GO SMiLE's complaint, which, after the denial of the motion for preliminary injunction, they sought to convert to a motion for summary judgment. At the April 8, 2011 Scheduling Conference, Defendants withdrew their motion to dismiss and their concomitant request for conversion. **[ECF Docket No. 81, filed 04/08/11]**.

721242_4.DOC

BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP

Honorable P. Kevin Castel
September 9, 2011
Page 2

During the conference, the Court made clear that, while it had denied the motion for preliminary injunction, it had only made "a finding that there was no probability of success on the merits." (Transcript of the April 8, 2011 Scheduling Conference ("Tr.") 4:7-8; relevant excerpts of which are attached hereto as **Exhibit A**.) The Court stated, however, that while there are cases "where at the preliminary injunction stage, the Court could say that the plaintiff could never prevail as a matter of law for one reason or another [,] [t]his is not that kind of a case." (Tr. 4:10-14; emphasis added.)

Of particular concern to GO SMiLE, and its basis for filing this action, was that actual confusion would arise in the marketplace in that consumers would erroneously conclude that the GLO-branded products were manufactured by, associated or affiliated with, or otherwise sponsored by GO SMiLE. Prior to the launch, GO SMiLE had obtained evidence that such confusion was likely to occur and in fact had already occurred, although the Court found that evidence insufficient to support a preliminary injunction. Accordingly, GO SMiLE focused its discovery efforts since then on the issue of actual confusion. It did so through both supplemental discovery requests to the Defendants and the issuance of third-party subpoenas for documents.

GO SMiLE has been mindful of this Court's admonition to both parties at the April 8th conference that the parties not take positions in bad faith and not engage in efforts to make the proceedings more difficult or expensive in order to force one party into insolvency. (Tr. 8:11-16.) To minimize litigation costs for both sides, GO SMiLE postponed depositions while it obtained the documents in response to its subpoenas. GO SMiLE also sought and obtained a stipulation that discovery obtained in this action and the unrelated state action would be admissible in either action, thereby minimizing litigation cost and burden to the parties and to third parties. Given the timing of obtaining third party documents in response to GO SMiLE's subpoenas, the parties requested, and the Court agreed, to extend the fact discovery cut-off to September 15, 2011.

The evidence that GO SMiLE has obtained in discovery has satisfied GO SMiLE that, after the filing of its complaint, Defendants and their third-party vendors made changes and took affirmative actions to minimize the likelihood that consumers would be confused about whether the GLO-branded products were from the same source as GO SMiLE's GO- and GO SMiLE-branded products. For example, shortly after the commencement of this action, Defendants changed the name and packaging of their products from "GLO SMILE WHITENING SYSTEM" to the "GLO BRILLIANT PERSONAL TEETH WHITENING DEVICE". Documents produced by Home Shopping Network did not disclose actual confusion. Documents produced by Sephora establish that steps were taken in the marketing of Defendants' GLO-branded products to minimize the likelihood of confusion. Sephora's production did not include documents establishing actual confusion. From GO SMiLE's perspective, this litigation has been successful – sufficient actions have been taken to minimize, if not avoid, confusion as to source.

721242-1

BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP

Honorable P. Kevin Castel
September 9, 2011
Page 3

### 1. GO SMiLE Requests, But Defendants Refuse, a Stipulation to the Voluntary Dismissal of the Complaint Under FRCP 41(a)(1).

Accordingly, on August 30, 2011, counsel for GO SMiLE contacted counsel for Defendants to set up a call, prior to the commencement of depositions on September 9, 2011, regarding the status of the case.[1] On September 6, 2011, counsel for the parties participated in a conference call, at which time GO SMiLE sought Defendants' stipulation, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, to dismiss this case without prejudice, with each party to bear its own costs, for the reasons explained above.

On September 8, 2011, counsel for Defendants responded to GO SMiLE's request for a stipulated dismissal. Regrettably, Defendants refused to stipulate under Rule 41(a)(1) unless GO SMiLE agreed to dismiss with prejudice not only this action,[2] but also the state court action pending before Justice Ramos (Index No. 601148/09) as well as to pay Dr. Levine for an as-yet-to-be valued synthetic security under the 2008 Settlement Agreement – the validity of which lies at the very heart of the state court action.

These conditions are unacceptable to GO SMiLE. The state court action addresses issues completely unrelated to the issues raised in this trademark infringement action, and there is no good faith basis to condition dismissal of this lawsuit on anything related to the state court action. The state court action asserts breach of contract and fraudulent inducement claims against Dr. Levine arising out of a 2008 settlement agreement between Dr. Levine and GO SMiLE. Among other things, GO SMiLE seeks to rescind that 2008 Agreement under which Dr. Levine now demands payment as a condition of dismissal, to recover the approximately $4.5 million GO SMiLE paid to Dr. Levine under that Agreement, and to enforce the 2003 non-compete agreement that was superseded by the 2008 Agreement. On December 21, 2010, the Appellate Division, First Department expressly upheld the viability of GO SMiLE's fraudulent inducement claim and its related claim for rescission, permitted discovery to proceed on these claims and assessed against Dr. Levine costs in connection with the appeal. Dr. Levine was unsuccessful in his effort to challenge further the First Department decision in the Court of Appeals, and Justice Ramos has ordered discovery to proceed on all counts of GO SMiLE's

---

[1] The timing of GO SMiLE's initial call to Defendants' counsel was based on the timing and scope of the productions made by third parties in response to GO SMiLE's timely-served subpoenas, and GO SMiLE's efforts to work with counsel for the third parties to resolve production issues. The actual call was delayed, through no fault of either counsel, as a result of Defendants' counsel's trial schedule and the Labor Day holiday.

[2] Counsel for GO SMiLE had offered to discuss ways to protect the parties from past conduct while enabling them to pursue future claims if necessary.

721242-1

BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP

Honorable P. Kevin Castel
September 9, 2011
Page 4

complaint, including its fraudulent inducement claim seeking to rescind the 2008 Agreement.[3] Moreover, Justice Ramos denied Dr. Levine's motion for summary judgment for payment on a synthetic security under the 2008 Agreement because that Agreement may well be rescinded.

GO SMiLE's request that Defendants stipulate to dismissal under Rule 41(a)(1) was made in good faith and in keeping with the Court's admonition at the April 8th hearing. Unfortunately, rather than agreeing to the dismissal stipulation, Defendants have used it as an effort to leverage its position in the state court action and obtain relief to which it is not entitled.

### 2. Contemplated Relief To Be Requested by GO SMiLE.

GO SMiLE therefore contemplates filing a motion to voluntarily dismiss this action under Rule 41(a)(2).

GO SMiLE intends to request that each party bear its own costs. GO SMiLE has proceeded in this action in good faith, and it is in that same vein that it now brings this motion. While ruling against GO SMiLE at the preliminary injunction phase, this Court did not conclude GO SMiLE's claims were without merit. In the discovery taken after the preliminary injunction hearing, GO SMiLE has acted to minimize litigation expense by focusing on third-party document discovery and postponing depositions. Having concluded that the lawsuit resulted in actions by Defendants and third parties that have apparently dispelled confusion, GO SMiLE now seeks to dismiss the action. GO SMiLE informed counsel for Defendants of this decision prior to the commencement of deposition discovery, and the deposition originally scheduled for September 9th has been postponed by agreement of the parties. While GO SMiLE would have preferred to be in a position to reach this conclusion earlier, it could not do so until it had received sufficient information through third party subpoenas to confirm that that actual confusion had been dispelled. The timing has not in any way prejudiced Defendants, given that the depositions have been postponed.

GO SMiLE also intends to request that such dismissal be without prejudice, to which Defendants have indicated an objection. GO SMiLE is aware of, and sympathetic to, Defendants' desire for resolution of the issues giving rise to this lawsuit. On the other hand, GO SMiLE must to protect itself in the event that the Defendants change course and engage in activities that result in actual confusion or a strong likelihood of confusion, such as resuming use of the mark GLO SMILE. As counsel for GO SMiLE has informed Defendants' counsel, there are ways to address the parties' valid concerns in the context of a dismissal without prejudice,

---

[3] GO SMiLE has adduced significant evidence in the state court action to support its claims; but given that the issues in the state court action are unrelated and not at issue in this application, GO SMiLE will not address such evidence in this motion. Suffice it to say, GO SMiLE strongly believes that it will be successful in that action.

721242-1

BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP

Honorable P. Kevin Castel
September 9, 2011
Page 5

such as mutual releases that are limited to past conduct arising out of or relating to the complaint filed in this action, and expressly preserve the parties' rights with respect to future conduct.

**B.   Circumstances Giving Rise to GO SMiLE's Request, to which Defendants Consent, for a Short Extension of the Discovery Cut-Off.**

GO SMiLE suggested to Defendants' counsel that, in light of GO SMiLE's intention to seek voluntary dismissal of the complaint under Rule 41(a), the parties jointly move the Court for a short extension of the discovery cut-off to avoid the needless expense of depositions, which are currently scheduled for the week of September 12,[4] and expert discovery. Such an extension would avoid further litigation cost and fees, while preventing prejudice to either side. Counsel for Defendants has confirmed that they consent to the requested extension.

**C.   Conclusion.**

For the reasons stated herein, GO SMiLE requests a conference, either in-person or via teleconference, to discuss the following: (A) GO SMiLE's contemplated Rule 41(a)(2) motion for dismissal; and (B) GO SMiLE's request for a short extension of the September 15, 2011 discovery cut-off while the Court considers GO SMiLE's request for dismissal under Rule 41(a)(2). We appreciate the Court's consideration of this matter.

Respectfully,

Wendi E. Sloane

WES/sbs

cc:   Kyle C. Bisceglie. Esq.
      Howard J. Smith, Esq.
      Ellen R. Werther, Esq.
      Joshua S. Krakowsky, Esq.
      Mark C. Zauderer, Esq.
      Jonathan. D. Lupkin, Esq.
      Annaliese F. Fleming, Esq.

---

[4] Defendants have noticed a 30(b)(6) deposition of GO SMiLE on 22 topics and the deposition of Leslie Faust, GO SMiLE's CEO who testified at the preliminary injunction hearing. GO SMiLE has noticed the depositions of Dr. Levine, who testified at the preliminary injunction hearing, as well as Stacey Levine and Stuart Blinder, neither of whom testified at the preliminary injunction hearing.

721242-1

# In The Matter Of:
*GoSMILE, INC., v.*
*DR. JONATHAN B. LEVINE, DMD,*

*April 8, 2011*

SOUTHERN DISTRICT REPORTERS
500 PEARL STREET
NEW YORK, NY 10007
212 805-0330

Original File 1483GOSC.txt
Min-U-Script® with Word Index

**EXHIBIT A**

GoSMILE, INC., v.
DR. JONATHAN B. LEVINE, DMD,                                              April 8, 2011

---

**1483GOSC                                                             Page 1**

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 3   GoSMILE, INC.,
 4                 Plaintiff,
 5          v.                       10 CV 8663 (PKC)
 6   DR. JONATHAN B. LEVINE, DMD,
     PC,
 7
                   Defendant.
 8
     ------------------------------x
 9                                   New York, N.Y.
                                     April 8, 2011
10                                   4:15 p.m.
11   Before:
12                   HON. P. KEVIN CASTEL,
13                                   District Judge
14                      APPEARANCES
15   BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG
          Attorneys for Plaintiff
16   BY:  ANNALIESE FLEMING
          JONATHAN LUPKIN
17        ANNE NICHOLSON
18   OLSHAN, GRUNDMAN, FROME, ROSENZWEIG & WOLOSKY
          Attorneys for Defendant
19   BY:  KYLE C. BISCEGLIE
          JOSHUA ANDROPHY
20
21
22
23
24
25
```

**1483GOSC                                                             Page 2**

 1       (In open court)
 2       THE DEPUTY CLERK: GoSmile Inc. v. Dr. Jonathan B.
 3   Levine. Is plaintiff ready?
 4       MS. FLEMING: Yes, we are.
 5       THE DEPUTY CLERK: State your appearance.
 6       MS. FLEMING: Annaliese Fleming for GoSmile.
 7       MR. LUPKIN: Jonathan Lupkin.
 8       MS. NICHOLSON: Anne Nicholson for the plaintiff.
 9       THE COURT: Good to see you all. And for the
10   defendant?
11       MR. BISCEGLIE: Good afternoon, your Honor. Kyle
12   Bisceglie and Josh Androphy from Olshan for the defendant
13   Dr. Levine and Levine PC.
14       THE COURT: Good to see you all. I have your motion
15   to dismiss and I have not turned to it at this stage of the
16   game. Refresh my recollection as to whether it seeks to
17   dismiss all claims for relief or less than all claims for
18   relief in the complaint?
19       MR. BISCEGLIE: Your Honor, it is all claims, except
20   for a cybersquatting claim on a Web site that we've offered to
21   return to -- right. All trademark claims, your Honor. So
22   there will be a cybersquatting claim that will be left.
23       THE COURT: What is the basis for the motion to
24   dismiss?
25       MR. BISCEGLIE: Lack of similarity between the marks.

**1483GOSC                                                             Page 3**

 1   There are multiple cases from the Southern District as well as
 2   some appellate authority that support the fact that when there
 3   is an articulable dissimilarity between two marks, as we
 4   believe there are here, it is appropriate to resolve the case
 5   on a 12(b)(6) motion to dismiss.
 6       THE COURT: All right. Well, having presided at the
 7   preliminary injunction hearing, I think I can say comfortably
 8   that you're not likely to prevail on that. It is one thing for
 9   me to conclude that the plaintiff has not made out a case of
10   probability of success on the merits; it is another for me to
11   rule as a matter of law on the issue period.
12       So, what I need to do in this case, I will decide the
13   motion, but I want to set a discovery schedule in this case,
14   and it seems to me a date for amended pleadings. I take it you
15   have not discussed the case management plan. You have not come
16   with a case management plan.
17       MR. BISCEGLIE: Your Honor, just to put a couple other
18   points before the Court. I'd written on March 11 seeking to
19   convert that motion to dismiss to one for summary judgment
20   and --
21       THE COURT: Sounds like a great idea at the close of
22   discovery.
23       MR. BISCEGLIE: Well, your Honor, I do think at this
24   point that the record is fulsome enough and there is also
25   authority in the Southern District that provides for where a

**1483GOSC                                                             Page 4**

 1   plaintiff continues to prosecute a case after losing a
 2   preliminary injunction motion, that is an indication of bad
 3   faith prosecution, and there are a number of cases that grant
 4   summary judgment along with attorneys' fees.
 5       THE COURT: That can definitely be the case. I can
 6   envision those facts. That's not what happened here in this
 7   courtroom. There was a finding that there was no probability
 8   of success on the merits. I'm not going to recount what I
 9   found, but it's clear in the opinion.
10       I can understand there could be a preliminary
11   injunction case, trademark arena, any arena, where at the
12   preliminary injunction stage, actually the Court could say that
13   the plaintiff could never prevail as a matter of law for one
14   reason or another. This is not that kind of a case.
15       With regard to summary judgment, I'm not going to
16   prejudge the summary judgment issue either. I have no idea at
17   this stage of the game. Very different for me to be able to
18   say based on presiding at the preliminary injunction hearing
19   that you're not likely to prevail in persuading me that the
20   plaintiff cannot proceed as a matter of law from the question
21   of summary judgment, in which I am absolutely without a
22   viewpoint. I don't know how it will look at the close of the
23   case, whether there will be a material issue of fact in
24   dispute.
25       MR. BISCEGLIE: Your Honor, I guess my trouble with

1483GOSC                                              Page 5

1 the response that we had received from defendants is that
2 they've not articulated a single fact that they are aware of or
3 hope to discover in this process of discovery. What they've
4 said is there are some other possible mechanisms of discovery,
5 but they've identified no possible facts that they don't have
6 or any discovery that they weren't offered already that will
7 yield a genuine issue of material fact.
8     THE COURT: Let me ask you a question, and this is out
9 of ignorance. Is this a claim tried to the Court?
10    MR. BISCEGLIE: I believe that the plaintiffs have
11 made a jury demand.
12    THE COURT: Well, then it can be that if, and again, I
13 haven't read a summary judgment motion, you haven't made a
14 summary judgment motion, discovery is not complete, and I may
15 well grant summary judgment. But then again, if I conclude
16 that there was a material issue of fact, my findings on the
17 preliminary injunction are not law of the case on the merits,
18 or binding in any way on the merits. And I suppose if, and it
19 might be a big if, I were to conclude there were a triable
20 issue of fact, that a jury could come to a different finding
21 than I came to. I accept that as at least a possibility.
22    So, it's not dispositive, shall I say, that the record
23 would be identical. It is not dispositive if I conclude,
24 ultimately there is a material issue of fact in dispute,
25 something I haven't done yet. All right.

1483GOSC                                              Page 6

1     Does the plaintiff anticipate any amendment to the
2 pleadings?
3     MS. FLEMING: We do, your Honor. We learned in the
4 course of the preliminary injunction hearing and shortly after
5 it that the certain of the trademarks have actually been
6 transferred to a different entity. So we need to bring that
7 entity in to be a defendant in the case. But that is the only
8 amendment that we anticipate.
9     THE COURT: All right. How long is it going to take
10 you to move to join that party?
11    MS. FLEMING: Not very long, your Honor. I think we
12 could do it within 30 days.
13    THE COURT: All right. Who is the party you want to
14 bring in?
15    MS. FLEMING: I believe it is an entity called JBL
16 Radical Innovations.
17    THE COURT: Any objection to the amendment?
18    MR. BISCEGLIE: Your Honor, it was raised yesterday
19 for the first time and I've passed it on to my client. I'm not
20 in a position yet to answer that question.
21    THE COURT: I'll just say to you, if it is an
22 appropriate amendment, it just adds to the cost of the
23 litigation by not stipulating. That's all.
24    MR. BISCEGLIE: I can say I don't anticipate that
25 we'll oppose it, but I would like to speak to my client about

1483GOSC                                              Page 7

1 it first.
2     THE COURT: I will say in this case, because there has
3 been a preliminary injunction hearing, this is where I think
4 I'm agreeing with where the defendant is headed, I don't think
5 parties need a long period for fact discovery. You had a
6 wonderful look-see at each other's evidence. Any reason why
7 fact discovery in this case couldn't be completed by May 20?
8     MS. FLEMING: Your Honor, there are a couple of things
9 that make this case a little bit fluid. The launch in Sephora
10 has not yet occurred. We had been informed originally that it
11 was planned --
12    THE COURT: What if it takes place a year from now?
13 So what? What if it never takes place? What if it takes place
14 six months from now? I'm not going to measure my discovery
15 period based on what Sephora does.
16    MS. FLEMING: Well, I believe that if we set a close
17 of fact discovery that happens after the launch is likely to
18 happen, that makes sense in terms of the evidence that may end
19 up happening with when the Sephora launch happens so I --
20 Mr. Bisceglie and I did have conversations on the telephone
21 about scheduling. I took the liberty -- this is not agreed --
22 but I did take the liberty of drafting a proposed scheduling
23 order.
24    THE COURT: Tell me what you propose as a discovery
25 cutoff, fact discovery cutoff date.

1483GOSC                                              Page 8

1     MS. FLEMING: I proposed August 31 in light of the
2 Sephora launch and also in light of the fact that the discovery
3 that remains is limited, but much of it involves third parties,
4 and that can be a bit of a wild card in terms of their ability
5 to produce documents in a timely fashion.
6     MR. BISCEGLIE: For the defense we prefer the Court's
7 timeframe.
8     THE COURT: I'm going to set August 5 for the
9 discovery cutoff. Fact discovery. Expert discovery
10 September 9.
11    I have to tell you, I don't know how this case will
12 end up, I'm not prejudging anything, but one of the issues I
13 would consider at the end of the case is whether or not
14 positions were taken in bad faith, whether there were efforts
15 made to make the proceedings more difficult or more expensive
16 to basically grind one party into bankruptcy or insolvency.
17 And there is plenty of authority under 28 U.S.C., Section 1927
18 and the inherent power of the Court. I believe there may be
19 other case law and statutory support. But I just will alert
20 the parties to that. That is something I will visit at the end
21 of the case. If I find that this was recreational litigation,
22 part of an ongoing war that GoSmile has with Dr. Levine as was
23 brought in the state courts, and as seems to be perpetually
24 pursued, and if I conclude that any positions were taken in bad
25 faith, I will impose all sanctions that are available under law

# EXHIBIT D

# Filed Under Seal

Case 1:10-cv-08663-PKC   Document 111   Filed 04/27/12   Page 19 of 19