UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GO SMILE, INC., a Delaware Corporation,<br><br>         Plaintiff,<br><br>  -against-<br><br>DR. JONATHAN B. LEVINE, D.M.D. P.C., a New York corporation, and DR. JONATHAN B. LEVINE, an individual, GLO SCIENCE, LLC, a Delaware Limited Liability Company, and JBL RADICAL INNOVATIONS, LLC,<br><br>         Defendants. | Index No. 10 CV 8663 (PKC)(DCF)<br><br>**DECLARATION OF<br>WENDI E. SLOANE** |

1

WENDI E. SLOANE, hereby declares, under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1. I am a member of Barack, Ferrazzano, Kirschbaum & Nagelberg, LLP, attorneys for plaintiff GO SMiLE, Inc. ("GO SMiLE or Plaintiff"). I submit this declaration in further support of GO SMiLE's motion to dismiss under Rule 41(a)(2) of the Federal Rules of Civil Procedure and in opposition to defendants' motion for attorneys' fees.

GO SMiLE Filed and Pursued This Lawsuit To Prevent Confusion

2. Annexed hereto as Exhibit 1 is a true and correct copy of the Testimony of Angie Brass at the Preliminary Injunction Hearing of February 17, 2011 (Day 3), excerpts at 235:6-25, 238:12-239:18.

3. Annexed hereto as Exhibits 2 and 3 are true and correct copies of emails from GO SMiLE employees from October 5, 2010 and November 2, 2010, respectively.

4. Annexed hereto as Exhibit 4 is a true and correct copy of the Testimony of Leslie Faust at the Preliminary Injunction Hearing of January 20, 2011 (Day 2), excerpt at 22:4-14.

5. Annexed hereto as Exhibit 5 is a true and correct copy of the Testimony of Jonathan Levine at the Preliminary Injunction Hearing of February 17, 2011 (Day 3), excerpt at 196:8-15.

6. Annexed hereto as Exhibit 6 is a true and correct copy of an August 4, 2009 email chain between Levine and Yanni Gu.

7. Annexed hereto as Exhibit 7 is a true and correct copy of a January 31, 2011 email between Richard Wolff and Claudia Lucas.

8. Annexed here to as Exhibit 8 is a true and correct copy of the Testimony of Leslie Faust at the Preliminary Injunction Hearing of February 17, 2011 (Day 3), excerpt at 242:16-247:16.

9. Annexed hereto as Exhibit 9 is a true and correct copy of a February 15, 2011 email between Denise Debus and Leslie Faust.

The Results of This Lawsuit

10. Annexed hereto as Exhibit 10 is a true and correct copy of a December 8, 2010 letter from David Denenberg to Wendi Sloane.

11. Annexed hereto as Exhibit 11 is a true and correct copy of Defendants' Response to Court Ordered Interrogatory of December 14, 2010.

12. Annexed hereto as Exhibits 12 and 13 are true and correct copies of www.jonathanblevine.com website and gloscience.com website, respectively, of November 16, 2010.

13. Annexed hereto as Exhibit 14 is a true and correct copy of a November 23, 2010 Harmon email to Sloane attaching screenshots of gloscience.com websites from November 16, 2010 and November 23, 2010.

14. Annexed hereto as Exhibit 15 is a true and correct copy of a May 10, 2010 Stacey Levine email to Jonathan Levine.

15. Annexed hereto as Exhibit 16 is a true and correct copy of a November 20, 2010 email between Jonathon Levine and Kate Gibson.

16. Annexed hereto as Exhibit 17 is a true and correct copy of a screenshot of January 6, 2011 capturing the gloscience.com website.

17. Annexed hereto as Exhibit 18 is a true and correct copy of a December 14, 2010 Wolfe email to Levine.

18. Annexed hereto as Exhibit 19 is a true and correct copy of a printout of the www.jonathonblevine.com website from November 22, 2010.

19. Annexed hereto as Exhibit 20 is a true and correct copy of a November 16, 2010 Currie email transmitting GLO Brilliant Smile Whitening System manual.

20. Annexed hereto as Exhibit 21 is a true and correct copy of a November 19, 2010

Stacey Levine email to Melissa Scott.

21. Annexed hereto as Exhibit 22 is a true and correct copy of a November 23, 2010 Scott email transmitting GLO Brilliant Teeth Whitening Device manual.

Defendants' Affirmative Efforts to Prevent Confusion

22. Prior to GO SMiLE's filing of this lawsuit, Dr. Levine continually emphasized his previous relationship with GO SMiLE.

23. Annexed here to as Exhibit 23 is a true and correct copy of a printout of the www.jonathonblevine.com of November 12, 2010.

24. Annexed hereto as Exhibit 24 is a true and correct copy of a March 6, 2009 Barone email to Stacey Levine.

25. Annexed hereto as Exhibit 25 is a true and correct copy of a May 2, 2010 Montalto email to Jonathan and Stacey Levine.

26. Annexed hereto as Exhibit 26 is a true and correct copy of Levine Health Corps speech of November 5, 2010.

27. After the lawsuit, Dr. Levine's correspondence evidences an effort to distinguish himself from GO SMiLE in the marketplace to prevent confusion.

28. Annexed hereto as Exhibit 27 is a true and correct copy of a December 19, 2010 Jonathan Levine email to Stacey Levine.

29. Annexed hereto as Exhibit 28 is a true and correct copy of a December 19, 2010 Stacey Levine email to Jonathan Levine.

30. The reference to GO SMiLE on Jonathan Levine's www.jonathanblevine.com website was removed as of December 9, 2010. Annexed hereto as Exhibit 29 is a true and correct copy of a printout of the www.jonathanblevine.com of December 9, 2010.

31. Documents received from Sephora in discovery also evidence an effort by Dr. Levine, post-lawsuit, to downplay his previous association with GO SMiLE in an effort to prevent confusion.

32. Annexed hereto as Exhibit 30 is a true and correct copy of a May 16, 2011 Hall

4

email to Bojanowski.

33. Annexed hereto as Exhibit 31 is a true and correct copy of a Sephora Employee Newsletter.

Discovery Taken After the Preliminary Injunction Hearing

34. GO SMiLE proposed that the parties agree that the discovery in connection with the preliminary injunction hearing would constitute the Rule 16(a)(1) disclosures, to which Defendant agreed. Annexed hereto as Exhibit 32 is a true and correct copy of GO SMiLE's Rule 26(a)(1) Initial Disclosures.

35. Annexed hereto as Exhibits 33 and 34 are true and correct copies of Agreed Stipulations before the United States District Court for the Southern District of New York, Case No. 10 CIV 8663, and the Supreme Court of the State of New York, County of New York, Index No. 601148/09, respectively.

36. Annexed hereto as Exhibit 35 is a true and correct copy of GO SMiLE's Second Set of Interrogatories of May 13, 2011.

37. Annexed hereto as Exhibit 36 is a true and correct copy of GO SMiLE Second Set of Document Requests of May 13, 2011.

38. Annexed hereto as Exhibit 37 are true and correct copies of Subpoenas to Stuart M. Blinder, CTI, Design Catapult, The Forsythe Institute, Paul Freund, HSN, Lahlouh, Sephora, and QVC.

39. None of the subpoenas contained more than six document requests, and counsel for GO SMiLE worked with all recipients to clarify and narrow the categories of documents sought. None of the third parties filed motions for protective orders, and all but one party produced documents.

40. Annexed hereto as Exhibit 38 is a true and correct copy of Defendants' Second

Request for Production of Documents of June 24, 2011.

41. Annexed hereto as Exhibit 39 are true and correct copies of Subpoenas to Della Pella, Fitzgerald, French, and Latham & Watkins.

42. In response to these discovery requests, GO SMiLE prepared for and participated in the deposition of third party witness Suzanne Della Pella.

43. GO SMiLE also prepared for the third-party depositions of Latham & Watkins and Kenneth Fitzgerald, which Defendants cancelled shortly before they were taken and never rescheduled.

44. Defendants' discovery resulted in significant expense to GO SMiLE, which is a small boutique company, hardly the "Goliath" Defendants portray. Annexed hereto as Exhibit 40 is a true and correct copy of the Testimony of Leslie Faust at the Preliminary Injunction Hearing of February 17, 2011 (Day 3), excerpt at 252:14-16.

The Timing of GO SMiLE's Motion for Dismissal

45. As Levine expressed in his own words, the Sephora executive told Dr. Levine that if Dr. Levine built a new company, "there could be some confusion in the marketplace and it would have to be handled well. [The Sephora executive] doesn't think both brands could coexist in [Sephora]." Annexed hereto as Exhibit 41 is a true and correct copy of a February 24, 2008 Jonathana Levine email to Werther.

46. The above referenced email has been adjudicated to be not privileged. Annexed hereto as Exhibit 42 is a true and correct copy of the Special Referee Crespo Discovery Order of July 25, 2011 for the State Court Action.

47. GO SMiLE's counsel attempted to reach Defendants' counsel by telephone on August 30, 2011, when it completed its review of Sephora's initial production and confirmed

that, like the HSN production, there were no documents evidencing actual confusion.

48. One of the lawyers for Defendants was engaged in another trial, and one was on vacation in Europe, thus delaying the discussion.

The Parties' Previous Litigation

49. Dr. Levine and his wife Stacey Levine initiated the initial action by filing a summons with notice in New York state court on February 18, 2008, to enjoin a tender offer by GO SMiLE's equity investors. Dr. Levine also provided a draft complaint to GO SMiLE's equity investors threatening additional legal action.

50. Annexed hereto as Exhibit 43 is a true and correct copy of a Summons with Notice in Jonathan B. Levine and Stacey Levine v. John C. Hansen, et al, in New York State Court, Index No. 08/600494.

51. Annexed hereto as Exhibit 44 is a true and correct copy of a Draft Complaint in Jonathan B. Levine and Stacey Levine v. John C. Hansen, et al, in New York State Court, Index No. 08/600494.

52. Annexed hereto as Exhibit 45 is a true and correct copy of the Complaint filed by GO SMiLE in GO SMiLE v. Jonathan B. Levine, et al., U.S. District Court for the Southern District of New York, Case No. 09 CIV 00840 of January 29, 2009.

53. The Federal Court found that there was no federal jurisdiction, and GO SMiLE's claims had to be litigated in State Court.

54. Annexed hereto as Exhibit 46 is a true and correct copy of the Order dismissing without prejudice, GO SMiLE v. Jonathan B. Levine, et al., U.S. District Court for the Southern District of New York, Case No. 09 CIV 00840 of April 8, 2009.

55. GO SMiLE subsequently refiled substantially the same claims in the State Court Action.

56. Annexed hereto as Exhibit 47 is a true and correct copy of the Complaint in GO SMiLE v. Jonathan B. Levine, et al., New York State Court, Index No. 09/601148 of April 15, 2009.

57. On appeal in the State Court Action, GO SMiLE has prevailed on all the significant rulings that initially were issued in Defendants' favor.

58. Annexed hereto as Exhibit 48 are true and correct copies of Appellate Court Decisions in GO SMiLE v. Jonathan B. Levine, et al., New York State Court, Index No. 09/601148.

59. Annexed hereto as Exhibit 49 is a true and correct copy of the August 3, 2010 Order issued by Justice Charles E. Ramos in GO SMiLE v. Jonathan B. Levine, et al., New York State Court, Index No. 09/601148.

The Press Release

60. GO SMiLE issued a press release that relied solely on the allegations made in the complaint, a publicly filed document.

61. Annexed hereto as Exhibit 50 is a true and correct copy of the December 23, 2010 GO SMiLE Press Release.

62. GO SMiLE issued the press release on December 23, 2010, in response to a December 9, 2010 New York Post Article, in which counsel for Defendants commented on the merits of the lawsuit and the State Court Action.

63. Annexed hereto as Exhibit 51 is a true and correct copy of a December 9, 2010

New York Post article.

<u>The Truth about the QVC Launch</u>

64.     Annexed hereto as Exhibit 52 is a true and correct copy a December 2010 email chain between Jonathan Levine and Stuart Blinder.

65.     Annexed hereto as Exhibit 53 is a true and correct copy of a September 29, 2010 Stacey Levine email to Jonathan Levine.

66.     Annexed hereto as Exhibit 54 is a true and correct copy of an October 2010 Levine email communications with DeBaker.

67.     Annexed hereto as Exhibit 55 are true and correct copies of December 9, 2010 and September 16, 2010 QVC emails to Levine.

68.     Annexed hereto as Exhibit 56 is a true and correct copy of a December 14, 2010 Levine email to Blinder.

69.     Annexed hereto as Exhibit 57 is a true and correct copy of a December 15, 2010 Blinder email to Levine.

70.     Annexed hereto as Exhibit 58 is a true and correct copy of a December 17, 2010 Levine email to Blinder.

71.     Annexed hereto as Exhibit 59 is a true and correct copy of a December 22, 2010 Levine email to Blinder.

72.     Annexed hereto as Exhibit 60 is a true and correct copy of a December 22, 2010 Levine email to Blinder.

73.     Annexed hereto as Exhibit 61 is a true and correct copy of a December 22, 2010 Blinder email to Levine.

74. Annexed hereto as Exhibit 62 is a true and correct copy of a Transcript of April 21, 2011 in GO SMiLE v. Jonathan B. Levine, et al., New York State Court, Index No. 09/601148.

Dated: November 8, 2011

s/ Wendi E. Sloane<br>_____<br>WENDI E. SLOANE